STATE of Wisconsin, Plaintiff-Respondent,

v.

Eduardo L. GOMEZ, Defendant-Appellant.†

Court of Appeals

*No. 93–0931–CR. Submitted on briefs August 6, 1993.—Decided September 22, 1993.*

(Also reported in 507 N.W.2d 378.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven P. Weiss*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Daniel J. O'Brien*, assistant attorney general.

Before Anderson, P.J., Brown, and Snyder, JJ.

ANDERSON, P.J. Eduardo L. Gomez appeals from convictions for one count of child enticement as a repeater, in violation of secs. 948.07(3) and 939.62, Stats., and two counts of exposing genitals as a repeater, in violation of secs. 948.10 and 939.62, Stats. Gomez argues that there was insufficient evidence for the child enticement conviction and that the state failed to meet its burden of proving his repeater status. Because the evidence was sufficient to convict on the

child enticement count and because the repeater issue is not properly before us, we affirm.

The facts underlying the present convictions stem from the same series of events. Gomez, his wife Patricia and the victim—Gomez's stepdaughter—testified at trial. Gomez's stepdaughter stated to the jury that she and Gomez were home alone the afternoon of April 6, 1992, when Gomez told her to go to her bedroom. A few seconds later Gomez entered the bedroom and told her to remove her pants and her underwear. Gomez then pulled down his pants and underwear and stroked his penis.

Patricia, the victim's mother, corroborated her daughter's story. Patricia stated that she came home from work and walked into the house. She could see into her daughter's room, where she saw her husband kneeling on the floor next to the bed. She observed him masturbating, with his pants and underwear around his ankles. Patricia began yelling at her husband and entered the bedroom, where she saw her daughter standing with no pants or underwear on.

Gomez's testimony contradicted that of his stepdaughter and wife in some respects. Gomez testified that he told his stepdaughter to go to her bedroom to do her homework. Later, she called him into the room. He testified that when he entered, she stood on her bed with no pants on. She asked Gomez to remove his pants. Gomez admitted removing his pants, but denied pulling down his underwear. Gomez also denied exposing his penis or masturbating.

The jury convicted Gomez of one count of child enticement as a repeater, in violation of secs. 948.07(3) and 939.62, Stats., and two counts of exposing genitals as a repeater, in violation of secs. 948.10 and 939.62, Stats. The trial court sentenced him to prison for ten

years on count one and three years each for counts two and three.[1] Gomez did not file a postconviction motion but instead directly appealed to this court.

Gomez challenges the sufficiency of the evidence to convict him of enticement of a child in violation of sec. 948.07, Stats. The state argues that Gomez waived the argument because he did not present this issue to the trial court before, during or after the trial. Gomez correctly asserts that his argument is based upon the sufficiency of the evidence to convict, which under sec. 974.02(2), Stats., does not require a prior postconviction motion. Therefore, the issue is preserved for appeal.

We may not reverse a conviction on the basis of insufficient evidence "unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger,* 153 Wis. 2d 493, 501, 451 N.W.2d 752, 755 (1990). It is the function of the jury to decide issues of credibility, to weigh the evidence and resolve conflicts in the testimony. *Id.* at 506, 451 N.W.2d at 757.

Gomez argues that the evidence was insufficient to convict because the statute was not meant to apply to a parent sending a child to the child's own room and the

---

[1] The sentences for counts two and three are consecutive to each other and to the sentence for count one. The court stayed the sentences for counts two and three and placed Gomez on probation for three years, consecutive to time served for count one.

state failed to prove the requisite intent. Specifically, he argues that the statute plainly intended to punish the process of separating a child from the public in order to facilitate the commission of a sex crime. Section 948.07, Stats., provides in part:

> **Child enticement.** Whoever, with intent to commit any of the following acts, causes or attempts to cause any child who has not attained the age of 18 years to go into *any . . . room . . .* is guilty of a Class C felony:
>
> . . . .
>
> **(3)** Exposing a sex organ to the child or causing the child to expose a sex organ in violation of s. 948.10. [Emphasis added.]

The testimony, viewed most favorably to the state and the conviction, is clearly sufficient to support the jury's guilty verdict. The statute unambiguously requires that the defendant cause the child to *go into any room.* *Id.* The statute does not require that the defendant's action separate the child from the public. Where a statute is clear on its face, we will not look at the legislative history to determine the statute's meaning. *See Barnes v. DNR*, 178 Wis. 2d 290, 307, 506 N.W.2d 155 (Ct. App. 1993). Both the victim and Gomez testified that he told her to go to her bedroom. This is sufficient to support the jury's finding that Gomez caused her to go into a room.

Gomez also argues that there is nothing in the record which shows that he intended to expose his genitals or cause his stepdaughter to expose her genitals at the time he told her to go to her bedroom. Intent is rarely proved by direct evidence; instead, the trier of fact is often asked to rely upon circumstantial evidence

which may be stronger and more satisfactory than direct evidence. *Clark v. State,* 62 Wis. 2d 194, 197, 214 N.W.2d 450, 451 (1974). Furthermore, "[r]easonable inferences drawn from the evidence can support a finding of fact." *Bautista v. State,* 53 Wis. 2d 218, 223, 191 N.W.2d 725, 728 (1971). When this court is faced with a record of historical facts which supports more than one inference, we must accept the inference drawn by the jury unless the evidence on which that inference is based is incredible as a matter of law. *Poellinger,* 153 Wis. 2d at 506-07, 451 N.W.2d at 757.

Using these standards, we conclude that the jury could infer from the facts that Gomez intended to commit sex crimes against his stepdaughter when he ordered her into the bedroom. Her testimony indicated that within seconds of telling her to go to her room, Gomez entered the room and commanded her to remove her pants and underwear. Given the short duration of time between the two directives, it is a reasonable inference that Gomez formulated the requisite intent before he told his stepdaughter to go to her room. Because the testimony of the victim is not incredible as a matter of law, we must accept this inference as well. The evidence is sufficient to support a conviction under sec. 948.07, Stats.

The second issue Gomez raises on appeal is that the state failed to meet its burden of proving that Gomez was a repeater. Section 973.12, Stats., requires that a prior conviction which forms the basis for a repeater sentence must be either admitted by the defendant or proved by the state. Gomez argues that neither occurred here, although the court sentenced him as a repeater.

The state again argues waiver. In the alternative, the state argues that Gomez admitted the prior offense at trial and that the presentence investigation report discussed the prior offense sufficiently to satisfy sec. 973.12, Stats.

We hold that the issue is not properly before this court and we may not address its merits. In *State v. Monje,* 109 Wis. 2d 138, 153a, 327 N.W.2d 641, 641 (1982) (per curiam opinion on motion for reconsideration), our supreme court held that sec. 974.02(2), Stats., requires that for issues on appeal to be considered as a matter of right, postconviction motions must first be made, except for challenges to the sufficiency of the evidence. Since the court decided *Monje,* the legislature amended sec. 974.02(2) to also allow the direct appeal of "issues previously raised" in the trial court. Section 974.02(2). *See also* sec. 1795g, 1983 Wis. Act 27.

██

The issue of Gomez's status as a repeater was not "previously raised" at the time of sentencing, nor did Gomez file a postconviction motion to allow the trial court a chance to address the issue. Under these circumstances, we choose not to address the argument for the first time on appeal.

*By the Court.*—Judgments affirmed.