State of Wisconsin, Plaintiff-Respondent,

v.

Obea S. Hayes, Defendant-Appellant-Petitioner.

Supreme Court

*No. 02–1542–CR. Oral argument January 13, 2004.—Decided June 16, 2004.*

## 2004 WI 80

(Also reported in 681 N.W.2d 203.)

BRADLEY, J., concurs.
PROSSER, J., concurs.
SYKES, J., concurs.
WILCOX, J., joins; ROGGENSACK, J., joins in part.
ROGGENSACK, J., concurs.

For the defendant-appellant-petitioner there were briefs by *Philip J. Brehm,* Janesville, and oral argument by *Philip J. Brehm.*

For the plaintiff-respondent the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, C.J. This is a review of a published decision of the court of appeals[1] affirming the judgment of conviction of Obea S. Hayes, the defendant, in the Circuit Court for Rock County,

---

[1] *State v. Hayes,* 2003 WI App 99, 264 Wis.2d 377, 663 N.W.2d 351.

David G. Deininger, Judge.[2] The defendant was convicted of second-degree sexual assault pursuant to Wis. Stat. § 940.225(2)(a) (2001–02).[3]

¶ 2. The court of appeals affirmed the judgment of conviction, concluding that the defendant did not have to raise a challenge to the sufficiency of the evidence during trial to preserve the challenge for appeal as a matter of right and that the evidence was sufficient to support the jury's verdict, beyond a reasonable doubt, of the defendant's guilt of second-degree sexual assault.

¶ 3. Two issues are raised on review. The first issue is whether the defendant's challenge to the sufficiency of the evidence must have been raised during trial to preserve the challenge for appeal as a matter of right. Second, if the court reaches the issue, was the evidence sufficient in the present case to support the jury's verdict, beyond a reasonable doubt, of the defendant's guilt of second-degree sexual assault.

¶ 4. The decision of the court of appeals is affirmed. Justices Ann Walsh Bradley and N. Patrick Crooks join the author of this opinion in concluding that a challenge to the sufficiency of the evidence did not have to be raised during trial to preserve the issue for appeal as a matter of right and that the evidence was sufficient in the present case to support the jury's verdict, beyond a reasonable doubt, of the defendant's guilt of second-degree sexual assault. Justice David T. Prosser, Jr., in a concurring opinion, adopts the interpretation of the statute set out in *State v. Gomez,* 179

[2] Court of Appeals Judge David G. Deininger was sitting by special assignment to the circuit court pursuant to the Judicial Exchange Program.

[3] All references to the Wisconsin statutes are to the 2001–02 version unless otherwise indicated.

Wis. 2d 400, 402, 507 N.W.2d 378 (Ct. App. 1993).[4] Thus, four members of the court reach the same result on the statute. Justices Diane S. Sykes and Jon P. Wilcox, in a concurring opinion, conclude that the waiver rule applies to sufficiency of the evidence challenges and that "sufficiency of evidence challenges [cannot] be made for the first time on appeal as a matter of right."[5] Justice Patience D. Roggensack, in a concurring opinion, concludes that an accused's right to challenge the sufficiency of evidence is "bottomed in the requirement that the State must prove an accused's guilt beyond a reasonable doubt, and that to relieve the State of that burden at any point in the process undermines the fundamental constitutional principle that a defendant is presumed innocent until the State proves him or her guilty by that requisite degree of proof."[6]

## I

¶ 5. The defendant did not move the circuit court for a directed verdict at the close of the State's evidence or the close of all the evidence and made no motions after judgment. The defendant challenged the sufficiency of the evidence for the first time on appeal. He continues to raise this issue before this court on review.

¶ 6. The State argued in the court of appeals and argues here that the defendant waived his challenge to the sufficiency of the evidence because he failed to raise the issue in a timely manner during trial.

¶ 7. Whether a challenge to the sufficiency of the evidence must be raised during trial to preserve the issue on appeal as a matter of right is a question of law

---

[4] Justice Prosser's concurrence, ¶ 70.

[5] Justice Sykes' concurrence, ¶ 116.

[6] Justice Roggensack's concurrence, ¶ 118.

requiring statutory interpretation. This court decides this issue independently of the court of appeals, but benefiting from its analysis.[7]

¶ 8. The principal statute at issue is Wis. Stat. § 974.02(2), which provides as follows:

> 974.02 Appeals and postconviction relief in criminal cases.
>
> . . . .
>
> (2) An appellant is not required to file a postconviction motion in the trial court prior to an appeal if the grounds are sufficiency of the evidence or issues previously raised.

¶ 9. The State and the defendant disagree on the meaning of this statute. The State argues that Wis. Stat. § 974.02(2) exempts criminal appellants from filing a *postconviction motion* challenging the sufficiency of the evidence as a prerequisite to appellate review. The State's position is that Wis. Stat. § 974.02(2) is directed only toward postconviction motions, not toward challenging the sufficiency of the evidence during trial to preserve the issue on appeal as a matter of right.

¶ 10. According to the State, an accused must challenge the sufficiency of the evidence by *a motion during trial* to preserve the right to appellate review of that claim. Wisconsin Stat. § 974.02(2), argues the State, eliminates only the redundancy of requiring an accused to bring issues, including the sufficiency of the evidence, to the circuit court both during trial and by postconviction motion. The State argues that an ac-

---

[7] *See State v. Cole,* 2003 WI 59, ¶ 12, 262 Wis. 2d 167, 663 N.W.2d 700.

cused must raise all issues about which he seeks appeal during trial as a prerequisite for appellate review as a matter of right.

¶ 11. The defendant argues that the State's interpretation of Wis. Stat. § 974.02(2) is erroneous. The State's interpretation, according to the defendant, renders the words "sufficiency of the evidence" surplusage and meaningless. The defendant contends that if a challenge to the sufficiency of the evidence has to be raised during trial, the challenge to the sufficiency of the evidence is equated with every other claimed error and would fall within the statutory phrase "issues previously raised." The defendant urges that because § 974.02(2) uses both "sufficiency of the evidence" and "issues previously raised," the two phrases must have different meanings.

¶ 12. The phrases have different meanings if § 974.02(2) is interpreted as signifying that a challenge to the sufficiency of the evidence need not be previously raised during trial. The defendant's position can be summarized by saying that there would be no reason for the legislature to have included the language "sufficiency of the evidence" along with "issues previously raised" if failure to raise the issue during trial would preclude an accused from raising the sufficiency issues on appeal as a matter of right.

¶ 13. The defendant bolsters his argument by pointing to the court of appeals' decision in *State v. Gomez,* 179 Wis. 2d 400, 507 N.W.2d 378 (Ct. App. 1993). Gomez was convicted of child enticement and various other sex crimes. Gomez appealed his conviction on the child enticement offense, arguing insufficiency of the evidence. The State argued in *Gomez* that the defendant had waived the challenge because he had not raised the issue in the circuit court before, during, or after trial. Without analysis of Wis. Stat. § 974.02(2) or the waiver

8

issue, the court of appeals simply concluded that "Gomez correctly asserts that his argument is based upon the sufficiency of the evidence to convict, which under sec. 974.02(2), Stats., does not require a prior postconviction motion."[8]

¶ 14. The court of appeals concluded in the present case, without analysis, that it was bound to follow the *Gomez* decision. We recognize, as does the State, that the *Gomez* decision, although precedential, has limited precedential and persuasive value for the following reasons.[9] The *Gomez* decision does not analyze Wis. Stat. § 974.02(2). Nor does it consider the competing arguments about whether an accused who does not challenge the sufficiency of the evidence during trial should be held to have waived the right to argue the issue on appeal.

¶ 15. The text of Wis. Stat. § 974.02(2) referring only to postconviction motions supports the State's interpretation. The text of § 974.02(2) referring to "sufficiency of the evidence or issues previously raised" supports the defendant's interpretation.

---

[8] *State v. Gomez,* 179 Wis. 2d 400, 404, 507 N.W.2d 378 (Ct. App. 1993).

[9] Published opinions of the court of appeals are precedential for lawyers, trial courts, the court of appeals, and this court. *See State v. Douangmala,* 2002 WI 62, ¶ 42, 253 Wis. 2d 173, 646 N.W.2d 1; *Cook v. Cook,* 208 Wis. 2d 166, 186, 560 N.W.2d 246 (1997); *Vollmer v. Luety,* 156 Wis. 2d 1, 15, 456 N.W.2d 797 (1990); *State ex rel. Swan v. Elections Bd.,* 133 Wis. 2d 87, 108, 394 N.W.2d 732 (1986) (Abrahamson, J., dissenting). A decision of the court of appeals is not precedential in this court when this court has accepted review of the case. On review of a decision of the court of appeals, this court may affirm, modify, or reverse the court of appeals. Even if this court is not reviewing a decision of the court of appeals, it may withdraw or disavow language in a decision of the court of appeals.

¶ 16. The text of Wis. Stat. § 974.02(2) is thus not determinative of the meaning of the statute and is not the only source of the intended effect of the text. Additional sources of legislative intent such as the context, history, scope, and objective of the statute, including the consequences of alternative interpretations, illuminate the intent of the legislature.

¶ 17. We now consider those alternative sources, including: (A) the context of the statute; (B) the history of the statute; and (C) the purposes and consequences of the parties' competing interpretations of Wis. Stat. § 974.02(2).

A

¶ 18. Wisconsin Stat. § 974.02(2) must be viewed in the context of chapter 974 as a whole. This chapter governs criminal procedure in appeals, new trials, and writs of error. Nothing in chapter 974 explicitly addresses the issue of whether a challenge to the sufficiency of the evidence must be raised in the circuit court during trial to preserve the issue for appeal as a matter of right.

¶ 19. Wisconsin Stat. § 974.02(2) must also be viewed in the context of chapter 972, which governs criminal trials. Wisconsin Stat. § 972.10(4) governs motions during trial. Section 972.10(4) provides that at the conclusion of the entire case, an accused may move on the record for a dismissal. One ground for dismissal is the insufficiency of the evidence. Motions for a directed verdict and motions to dismiss at the close of the State's case or at the close of all evidence are accepted practice. The court has held that if an accused moves to dismiss on grounds of insufficiency of evidence,

the circuit court may exercise its discretion to allow the State to introduce additional testimony after the State has rested.[10]

¶ 20. The State asks the court to examine Wis. Stat. § 974.02(2) in the context of Wis. Stat. § 805.14(6), a rule governing civil actions. Rules of practice in civil actions apply in all criminal proceedings "unless the context of a rule manifestly requires a different construction."[11] Section 805.14(6) provides that "[i]n any motion challenging the sufficiency of the evidence, the grounds of the motion shall be stated with particularity. . . . If the court grants a motion challenging the sufficiency of the evidence, the court shall state on the record or in writing with particularity the evidentiary defect underlying the order." The State acknowledges that a court cannot direct a verdict of guilt against an accused but argues that § 805.14(6) applies to both civil and criminal cases and compels that a motion challenging the sufficiency of the evidence be made during trial or be waived on appeal.

¶ 21. The State also argues that we must consider Wis. Stat. § 974.02(2) in the context of the general rule of appellate practice "that issues not raised in the circuit court will not be considered for the first time on appeal."[12] This waiver rule serves several important objectives in sound judicial administration. Failure to

---

[10] *Grover v. State,* 61 Wis. 2d 282, 283, 212 N.W.2d 117 (1973).

[11] Wis. Stat. § 972.11.

[12] *Apex Elecs. Corp. v. Gee,* 217 Wis. 2d 378, 384, 577 N.W.2d 23 (1998). *See also State v. Huebner,* 2000 WI 59, ¶¶ 10–12, 235 Wis. 2d 486, 611 N.W.2d 727; *Wirth v. Ehly,* 93 Wis. 2d 433, 443, 287 N.W.2d 140 (1980).

raise an issue in the circuit court deprives both the adversary and the circuit court of the opportunity to address the issue and perhaps remedy the defect without the necessity of an appeal. The waiver rule encourages attorneys to prepare for and conduct trials more diligently and prevents attorneys from sandbagging adversary counsel and the circuit court.[13]

¶ 22. The State argues that nothing in the statutory provisions governing criminal trials suggests that a challenge to the sufficiency of the evidence might be different from other kinds of claims and therefore not subject to the general rule that arguments not raised at trial are deemed waived.

¶ 23. Examining Wis. Stat. § 974.02(2) in the context of other statutes and the general rules of appellate practice does not definitively answer the critical question of whether the legislature sought to eliminate in Wis. Stat. § 974.02(2) a requirement that a challenge to the sufficiency of the evidence be made during the trial in order to preserve the issue for appeal as a matter of right.

### B

¶ 24. We next consider the statutory and legislative history of Wis. Stat. § 974.02(2) to gain insight into what the legislature intended. Section 974.02(2) was first enacted in 1977, as part of a complete overhaul of appellate practice in Wisconsin with the creation of the Wisconsin Court of Appeals.

¶ 25. When enacted in 1977, Wis. Stat. § 974.02(2) was worded differently than it is now. The statute seemingly provided that a challenge to the

---

[13] *Huebner,* 235 Wis. 2d 486, ¶¶ 11–12.

sufficiency of the evidence was not necessary to raise the claim on appeal as a matter of right. Section 974.02(2) stated:

> A *motion* challenging the sufficiency of the evidence is not necessary to raise on appeal the sufficiency of the evidence.[14]

¶ 26. The Legislative Reference Bureau Analysis of 1977 Senate Bill 148, created by the Judicial Council and printed with and displayed on the bill introduced in the legislature, seems to limit the motion to a motion for a new trial. Although the word "motion" in the bill seems to refer to any motion, the reference in the 1977 version of § 974.02(2) may have been intended merely to eliminate the need to make a motion for a new trial to preserve a challenge to the sufficiency of the evidence for appeal. In other words, according to the Analysis, the word "motion" apparently meant "postconviction motion." The Analysis reads as follows:

> Subsection (2) is intended to eliminate the need for a motion for new trial to set aside the judgment because of insufficiency of the evidence as a condition to raise the sufficiency of the evidence on appeal. It does not change the quantum of evidence needed for the court to accept a guilty plea.

¶ 27. Neither the statute nor the Analysis suggests, however, whether the removal of the need to file a motion for a new trial also eliminated the need to file a motion during trial in order to challenge the sufficiency of the evidence on appeal as of right.

¶ 28. This court considered the 1977 version of Wis. Stat. § 974.02(2) in a per curiam decision in *State v. Monje,* 109 Wis. 2d 138, 325 N.W.2d 695 (1982). The

---

[14] § 127, ch. 187, Laws of 1977 (emphasis added).

13

offender in that case argued, on a motion for reconsideration, that Wis. Stat. § (Rule) 809.30(1)(f) entirely eliminated the need for postconviction motions because the language of Rule 809.30(1)(f) provided that the "defendant shall file a notice of appeal *or* motion seeking postconviction relief within 30 days of the service of the transcript."[15]

¶ 29. In *Monje,* the court held that Wis. Stat. § (Rule) 809.30(1)(f) did not alter the rule that postconviction motions were necessary to preserve challenges for appeal as a matter of right. The *Monje* court further concluded that the word "or" in Rule 809.30(1)(f) referred to the exception under § 974.02(2) for challenges to the sufficiency of the evidence. The *Monje* court concluded that "for issues on appeal to be considered as a matter of right, postconviction motions must be made except in challenges to the sufficiency of the evidence."[16] The *Monje* court did not specify whether the elimination of the need to file a postconviction motion with respect to a challenge on the sufficiency of the evidence also eliminated the need to raise the issue during trial.

¶ 30. In the wake of the *Monje* decision, Wis. Stat. § 974.02(2) was amended, apparently in response to a position paper prepared by Charles Bennett Vetzner, Chief of the Appellate Division of the State Public Defender's Office. In that position paper, Attorney Vetzner raised concerns that appellate counsel had, prior to *Monje,* viewed postconviction motions as not required when the issue had previously been raised in the trial court. The rationale was that the same issue need not be presented twice to the circuit court. Attor-

---

[15] *State v. Monje,* 109 Wis. 2d 138, 153, 325 N.W.2d 695 (1982).

[16] *State v. Monje,* 109 Wis. 2d 138, 153a, 327 N.W.2d 641 (denying motion for reconsideration and clarifying court's holding).

ney Vetzner urged that § 974.02(2) be amended to reflect the practice of avoiding this double presentation of the issues to the circuit court.

¶ 31. Attorney Vetzner was thus not primarily concerned with challenges to the sufficiency of the evidence. He was concerned about issues previously raised in the circuit court. He did, however, briefly comment on challenges to the sufficiency of the evidence and on his interpretation of this court's decision in *Monje* as follows: "[T]he *[Monje]* court concluded that it is still necessary to raise all issues twice in the trial court, except for sufficiency of the evidence. A claim of insufficient evidence need *never* be presented in the trial court and can be raised initially in an appeal in the Court of Appeals."[17]

¶ 32. Nevertheless, Vetzner explained that his proposed statute "would not in any way affect traditional concepts of waiver which preclude pursuing an issue after conviction if an objection or motion was not properly tendered beforehand. The change would only make it unnecessary to bring an additional trial court proceeding to again raise those issues previously decided adversely to the convicted offender."[18] Vetzner, as the apparent drafter of the language, seemed to believe that a sufficiency of the evidence claim could be raised on appeal without having been raised at trial.

¶ 33. To remedy the effect of the *Monje* decision, Vetzner proposed to recreate § 974.02(2) as follows:

---

[17] Charles Bennett Vetzner, *Position Paper on Proposed Change in Sec. 974.02* at 2 (on file in the Records of the Judicial Council, Wisconsin State Law Library, Madison, Wis.).

[18] *Id.* at 3.

It is not necessary to file a post-conviction motion in the trial court prior to an appeal when the grounds are sufficiency of the evidence or issues previously raised.[19]

¶ 34. Vetzner's proposed amendment to § 974.02(2) was discussed by the Judicial Council and unanimously adopted by the Council in its January 21, 1983 meeting.[20] A request was made to the Legislative Reference Bureau to draft the proposal for introduction in the 1983 legislature. A copy of Vetzner's letter was placed in the drafting file as background.[21]

¶ 35. The legislature amended the language of Wis. Stat. § 974.02(2) in 1983 to its current form, adopting language that is substantially the same as Vetzner's proposed amendment. The Legislative Reference Bureau's Analysis of 1983 Senate Bill 233, which was printed with and displayed on the bill when it was introduced in the legislature, reads as follows:

NOTE: Subsection (2) is amended to eliminate the necessity of presenting an issue twice to the trial court in order to preserve it for appeal. In *State v. Monje,* 109 Wis. 2d 138, 153 (1982), sub. (2) was construed to require a postconviction motion to preserve the right to appeal any issue other than sufficiency of the evidence. This bill does not modify the waiver doctrine, requiring timely objection or motion to preserve alleged error. It merely eliminates the need for additional postconviction proceedings raising those same issues again in the trial court.

---

[19] *Id.*

[20] Letter from James L. Fullin to Charles B. Vetzner, February 14, 1983 (on file in the Records of the Judicial Council, Wisconsin State Law Library, Madison, Wis.).

[21] *Id.*

¶ 36. The State argues that Vetzner's letter is an anomaly and an incorrect view of the holding in *Monje*. It argues that even if Vetzner's view had been conveyed to the Judicial Council, his position was not conveyed to the legislature that enacted the law. Instead, the State takes the position that the Legislative Reference Bureau Analysis communicated to the legislature suggests that the waiver doctrine and the requirement of timely motions or objections during trial to preserve alleged error were not modified by the 1983 amendment to § 974.02(2).

¶ 37. In contrast, the defendant takes the position that Vetzner's interpretation of Wis. Stat. § 974.02(2) and his draft of the amendment are strong indicia of the reasons for adopting the statute as enacted and are evidence of legislative intent supporting his position.

¶ 38. The statutory and legislative history lend support to each party's respective views of the meaning of Wis. Stat. § 974.02(2). The 1983 amendment was seemingly designed to codify Vetzner's interpretation that no need exists to challenge the sufficiency of the evidence during trial. Neither the text of the 1983 amendment nor the Legislative Reference Bureau Analysis of the bill conclusively support Vetzner's or the defendant's interpretation. In short, the history of § 974.02(2), like the text and context of the statute, supports both the State's and the defendant's interpretations of the statute.

C

¶ 39. We therefore turn to an analysis of the purposes and consequences of alternative interpretations of the statute to determine the interpretation that gives the statute its intended effect.

17

¶ 40. The State argues that there are strong policy reasons an accused must raise a challenge to the sufficiency of the evidence during trial to preserve the issue for appeal as a matter of right. According to the State, such a rule forces attorneys to prepare diligently for trial. The State asserts that requiring an accused to challenge the sufficiency of the evidence in the circuit court before verdict allows the error to be corrected and might eliminate the need for an appeal. Applying the waiver rule to a challenge to the sufficiency of the evidence, according to the State, "prevents attorneys from 'sandbagging' errors,"[22] when an accused fails to make the challenge for strategic reasons and later claims that the error is grounds for reversal.[23] Requiring an accused to challenge the sufficiency of the evidence during trial and giving the State an opportunity to correct the error, contends the State, is of particular concern because the consequences of an appellate court's declaring the evidence insufficient are so serious; if an appellate court determines the evidence to be insufficient, constitutional double jeopardy protections would prohibit retrial.[24]

---

[22] *Huebner,* 235 Wis. 2d 486, ¶ 12.

[23] The State argues that at trial the defendant did not assert that the jury should find the evidence insufficient on the element of use or threat of force or violence; that the defendant did not ask for an instruction on the lesser crime of sexual contact without consent but without use or threat of force or violence; and that the defendant agreed with the State that the issue was his credibility and that of the victim. The State claims that the defendant did not give it fair notice that he was contesting the sufficiency of the evidence on the force element of the crime based on the sequence of events described by the victim. Had the defendant alerted the State during trial, the State argues, the record could have been clarified at that time.

[24] *State v. Ivy,* 119 Wis. 2d 591, 608, 350 N.W.2d 622 (1984).

¶ 41. The State argues that the application of the waiver rule will not prevent an appellate court from considering a challenge to the sufficiency of the evidence in exceptional cases even when an accused has not preserved the issue during trial. This court may exercise its discretion to hear a claim and grant relief even when the issue has been waived.[25] The State urges that the defendant did not ask the court of appeals or this court to grant relief in the interest of justice.

¶ 42. Finally, the State asserts that the appropriate way to analyze a failure to challenge the sufficiency of the evidence during trial is within the framework of ineffective assistance of counsel. The State argues that the defendant has never claimed that his trial counsel was constitutionally ineffective, and no postconviction factual record exists on this issue.

¶ 43. The defendant asserts that it is manifestly unjust for an appellate court to apply the waiver rule to a challenge to the sufficiency of the evidence. He relies on *State v. Harrington,* 181 Wis. 2d 985, 512 N.W.2d 261 (Ct. App. 1994), in which the court of appeals held that the circuit court's failure to find a factual basis to support the accused's guilty plea constituted a manifest injustice warranting appellate relief even though the accused's plea was the result of a plea negotiation. The State minimizes the significance of *Harrington* by noting that no Wisconsin authority holds it is manifestly unjust for an appellate court to apply the waiver rule to a challenge to the sufficiency of the evidence.

¶ 44. Although the State makes a number of good policy, purpose, and consequence arguments, ultimately we are not persuaded by them.

[25] *See, e.g., State v. Schumacher,* 144 Wis. 2d 388, 406–07, 424 N.W.2d 672 (1988).

19

¶ 45. First, when an accused challenges the sufficiency of the evidence, he or she is arguing that the State has not carried its burden of proving the commission of a crime beyond a reasonable doubt. Such a claim presents a very serious issue in the administration of justice. If the claim can be proved but is deemed waived, a person whom the State has not proved guilty beyond a reasonable doubt would remain incarcerated.

¶ 46. Several courts, but not all of them, have agreed with the public policy argument the defendant makes. These courts conclude that the potential miscarriage of justice resulting from a conviction based on insufficient evidence is so great as to justify review even when the issue was not raised in the trial court.[26] Other courts conclude that a challenge to the sufficiency of the evidence is not waived even if not raised during trial because by merely entering the plea of not guilty, the defendant has asked for a judgment of acquittal and has challenged the sufficiency of the evidence by implicitly

---

[26] *Commonwealth v. McGovern,* 494 N.E.2d 1298, 1300–01 (Mass. 1986) ("[T]he defendant did not move for required findings of not guilty. However, findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice."); *Commonwealth v. Dion,* 575 N.E.2d 759, 764 (Mass. Ct. App. 1991) (same, quoting *McGovern*);. *Commonwealth v. Sims,* 565 N.E.2d 463, 464 (Mass. Ct. App. 1991) (sufficiency of evidence issue not treated as waived because of substantial risk of miscarriage of justice); *Commonwealth v. Baldwin,* 509 N.E.2d 4, (Mass. Ct. App. 1987) (same).

*See also State v. Miller,* 2004 WL 115374; *2 (Tenn. Crim. App. 2004) (despite waiver, court addressed sufficiency of evidence issue in "interest of justice"); *State v. Otto,* 717 A.2d 775, 784 (Conn. App. Ct. 1998) (addressing the sufficiency of the evidence claim although waived because it was "of constitutional magnitude alleging the violation of a fundamental right . . . and the record is adequate to permit review").

asserting that the State does not have enough evidence to meet its burden of proof.[27]

¶ 47. Federal courts have reviewed challenges to the sufficiency of the evidence when the challenge was not made during trial or was not renewed during trial under various standards, including "to prevent a manifest miscarriage of justice," to avoid "plain error,"[28] and

---

[27] *See* Wis. Stat. § 805.17(4) (in actions tried to the court without a jury, sufficiency of the evidence may be raised on appeal regardless whether the party objected in the trial court or moved for a new trial); *United States v. South,* 28 F.3d 619, 627 (7th Cir. 1994) (in a bench trial, plea of not guilty is the same as a formal motion for acquittal); *United States v. Atkinson,* 990 F.2d 501, 503 (9th Cir. 1993) (same, following 5th, 6th, 7th, and D.C. Circuits); *Hall v. United States,* 286 F.2d 676, 677 (5th Cir. 1960) (same); *State v. Himmerick,* 499 N.W.2d 568, 571 (N.D. 1993) (holding that in a bench trial, merely pleading "not guilty" is sufficient to preserve a sufficiency of the evidence challenge for appellate review); *State v. Osier,* 569 N.W.2d 441, 443 (N.D. 1997) (same, citing *Himmerick*); 2A Wright & Miller, *Federal Practice and Procedure: Criminal* § 469 at 322–23 (3d ed. 2000) (arguing that entering plea of not guilty should preserve issue for appeal in jury trials as well as bench trials).

[28] *United States v. Barragan,* 263 F.3d 919, 922 (9th Cir. 2001) (claim not presented after all the evidence was in is ordinarily waived, but court of appeals reviews claim "to prevent a manifest miscarriage of justice, or for plain error."); *United States v. Emuegbunam,* 268 F.3d 377, 398 (6th Cir. 2001) (failure to raise challenge to sufficiency of evidence at end of government's case or at end of all evidence is reviewed only for a manifest miscarriage of justice); *United States v. Finley,* 245 F.3d 199, 202–03 (2d Cir. 2001) (failure to renew challenge to sufficiency of evidence at end of all evidence puts burden on accused to persuade court of plain error or manifest injustice); *United States v. Cole,* 262 F.3d 704, 708 (8th Cir. 2001) (defense counsel's failure to renew claim for insufficient evidence following all of the evidence would normally constitute waiver, but defendant's "assertion that the government failed to prove one

21

to prevent a "clearly and grossly unjust" conviction.[29]

¶ 48. Although the language employed by these courts varies somewhat from case to case, the general sense from the cases is that because a challenge to the sufficiency of the evidence goes to the heart of a determination of guilt in a criminal trial, courts will find a way to address the challenge on its merits. The need to protect the integrity of a finding of guilt is such that courts hesitate to treat the issue as waived. The waiver doctrine is muted because it limits the right of an accused to have the State prove its case beyond a reasonable doubt and because the waiver doctrine is imported from civil actions without fully considering the accusatorial system of criminal justice.

¶ 49. These courts conclude that a challenge to the sufficiency of the evidence is of sufficient import that an accused should be entitled to raise it on appeal as of right even when the challenge was not raised during trial. We could interpret Wis. Stat. § 974.02 as

---

of the elements of his crime would prejudice his substantial rights, if proven to be correct, and we thus review his sufficiency of the evidence claim."); *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 193 (5th Cir. 1992) (manifest miscarriage of justice); *United States v. Caudill*, 915 F.2d 294, 296 (7th Cir. 1990) (same).

Federal Rule 29 of Criminal Procedure provides that an accused may move for an acquittal when the evidence is insufficient to sustain a conviction either after the close of the government's evidence, after the close of all evidence, after a guilty verdict or after the court discharges the jury. Federal Rule 29(c)(3) provides that "[a] defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge."

[29] *United States v. Richard*, 943 F.2d 115, 117 (1st Cir. 1991) (despite failure to make proper motion, court would review sufficiency of the evidence claim for gross injustice).

requiring a challenge to the sufficiency of the evidence to be made in the circuit court or be waived as a matter of right and then undercut the statute by deciding the sufficiency of the evidence by some mechanism, such as plain error.[30] We conclude that it is more in keeping with the intended effect of § 974.02 to interpret the statute to allow an accused to raise a challenge to the sufficiency of the evidence for the first time on appeal as a matter of right.

¶ 50. Second, although the State is correct that it is preferable to give the State an opportunity to correct an insufficiency of evidence during trial to avoid appeals, the possibility of "sandbagging" is minimal. After an accused has been found guilty and convicted, he or she has the burden to prove that no reasonable jury could have come to the conclusion that it did. This burden is heavy, and appellate courts give great deference to jury verdicts. It is therefore unlikely that an accused or defense counsel will try to sandbag the State and the circuit court rather than make the proper objections and motions during trial.

¶ 51. Furthermore, as the defendant points out, persons facing incarceration have little reason to delay in making a motion to dismiss because they will be waiting in prison while an appeal is being litigated. These factors will limit "sandbagging."

¶ 52. Third, because the State concedes that an ineffective assistance of counsel claim, which would require proof of essentially the same issues, could be

---

[30] *See State v. Gustafson,* 119 Wis. 2d 676, 687, 350 N.W.2d 653 (1984) ("[P]lain error is 'error so fundamental that a new trial or other relief must be granted even though the action was not objected to at the time.' ") (quoting *State v. Sonnenberg,* 117 Wis. 2d 159, 177, 344 N.W.2d 95 (1984) (quoting *Virgil v. State,* 84 Wis. 2d 166, 191, 267 N.W.2d 852 (1978))).

brought in cases like these, prosecutorial and court resources will not be subject to greater taxation as a result of our decision.

¶ 53. The criminal justice system is designed, insofar as it is possible, to punish only those who have committed crimes. If a conviction is not supported by sufficient evidence, it is incumbent upon the legal system to make certain that the conviction is overturned. The guilty should be punished, but those whose guilt has not been proved by the State beyond a reasonable doubt should not be punished.

¶ 54. On the basis of an analysis of the policies, purposes, and consequences of alternative interpretations proposed by the parties in the case at bar, we conclude that the following interpretation best gives Wis. Stat. § 974.02(2) its intended legislative effect: A challenge to the sufficiency of evidence is different from other types of challenge not previously raised during trial. This difference justifies allowing a challenge to the sufficiency of the evidence to be raised on appeal as a matter of right despite the fact that the challenge was not raised in the circuit court. This interpretation comports with the text, context, history, and purposes of the statute, including the consequences of alternative interpretations.

II

██

¶ 55. Having concluded that the defendant may challenge the sufficiency of the evidence as of right even though he did not raise the challenge during trial, we turn to the merits of his claim.

██

¶ 56. The standard of review in determining whether the evidence was sufficient to support a con-

viction is that "an appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt."[31]

¶ 57. Our review of a sufficiency of the evidence claim is therefore very narrow. We give great deference to the determination of the trier of fact.[32] We must examine the record to find facts that support upholding the jury's decision to convict.

¶ 58. The defendant concedes in this court that the evidence showed that he had sexual contact with the victim, M.M., and that the sexual contact occurred without M.M.'s consent. The defendant thus concedes that the first two elements of § 940.225(2)(a) are satisfied.

¶ 59. The defendant's sole claim is that the evidence was insufficient to prove that the nonconsensual sexual contact was achieved by force or threat of force. The "use or threat of force or violence" element of second-degree sexual assault under Wis. Stat. § 940.225(2)(a) is satisfied if the use or threat of force or violence is directed to compelling the victim's submission.[33] The element is satisfied whether the force is used or threatened as part of the sexual contact or whether it is used or threatened as part of the sexual

---

[31] *State v. Poellinger,* 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990).

[32] *Id.*

[33] *See State v. Bonds,* 165 Wis. 2d 27, 32, 477 N.W.2d 265 (1991).

contact to compel the victim's submission.[34] The defendant's argument is that M.M.'s testimony at trial did not connect the use or threat of force or violence with the nonconsensual sexual contact, and therefore the evidence was not sufficient to support the jury's verdict, beyond a reasonable doubt.

¶ 60. We disagree with the defendant. According to the record, the defendant and M.M. (who is 4'11" and weighs 95 pounds) were involved in an intimate relationship. The two lived together for four months. In October 1999, M.M. apparently terminated her relationship with the defendant. That October, the defendant and M.M. had an argument in which the defendant kicked down M.M.'s door and threatened to kill her. M.M. called the police, and the defendant was jailed. Upon his release, the defendant signed a 72–hour no-contact order, which he immediately violated by returning to M.M.'s house.

¶ 61. M.M. testified that on March 24, 2000, the defendant appeared at her dwelling. He forced his way into her home, and a scuffle ensued. He accused her of "messin' around" and stated that he wanted to have sex with her. He choked her, shoved her into a wall, and touched her breasts and vagina repeatedly while she struggled to get free. He tore her t-shirt and bra. He broke her finger. He told her he wanted to throw her down on the floor and have sex with her.

¶ 62. In contrast, the defendant testified that he had never grabbed M.M.'s breasts or buttocks, or attempted to fondle her vaginal area, or tried to physically harm her.

¶ 63. We reprint, verbatim, the pertinent direct and cross-examination of M.M.:

---

[34] *Id.*

Q: Let's go back to the evening of March 24. You said Mr. Hayes knocked on the door, you opened it.

A: Right.

Q: Did you invite Mr. Hayes inside?

A: No, I did not.

Q: Did Mr. Hayes come inside?

A: Yes, he did.

Q: How did that happen?

A: He put his foot in, so—between the door.

Q: Then what happened?

A: He walked right on in.

Q: What did Mr. Hayes say to you at that time, if anything?

A: Where have you been? Apparently, you must have been out there, messin' around.

Q: What did you say?

A: I told him, no. I told him that was none of his business.

Q: What happened after that?

A: He ended up putting his hand on me and touched me in places where he wasn't supposed to be. My breasts, plus my vagina.

Q: How many times did Mr. Hayes touch you on the breasts?

A: About two or three times.

27

Q: What were the other areas you mentioned?

A: My sitting part.

Q: Are you referring to your vaginal area?

A: Right.

Q: And how many times did he touch you there?

A: Two or three times.

Q: Did he touch you on the buttocks?

A: Yes.

Q: How many times?

A: Two.

Q: Did he say anything to you during that period of time?

A: He grabbed ahold to my clothes and then tored [sic] my T-shirt, along with the bra.

Q: Okay. Did he indicate—make any statements to you about wanting to have sex with you at some point?

A: Yes, he did.

Q: When did that occur?

A: The same night.

Q: Did that occur during—

A: During.

Q: —the time he was taking your clothes off?

A: Right.

28

. . . . [M.M. testified that her shirt and bra were ripped.]

Q: How long did the struggle go on?

A: It went on for a little while. I really can't pinpoint to know exactly about what time. When you are scuffling and fighting, you are not looking at no watch to find out, you know?

Q: What particular injuries did the defendant inflict on you?

A: He ended up choking me with the left hand, and he ended up shoving me against my bathroom corner wall.

Q: Okay.

A: And then he end [sic] up putting a scar on my chest. Then he grabbing ahold to my hand and trying to break my fingers, but he broke the one finger.

. . . .

Q: Going back to when Mr. Hayes was in your apartment on March 24th of 2000, what specifically do you recall him saying about him wanting to have sex with you?

A: Because I hadn't had sex with him since heaven knows when.

Q: I beg your pardon?

A: I hadn't had sex with him at all.

Q: What specifically did he say?

A: He said I had been out with someone else. The way he puts it, he was gonna have sex with me because he called that, his thing.

Q: Did he—did you tell the police officer that he told you that he wanted to throw you down on the floor and have sex with you?

A: Right.

Q: Is that what you recall happening, today?

A: Right.

On cross-examination, M.M. further explained:

Q: As soon as he got inside the apartment, what was the first thing that happened?

A: He done end up accusing me of messin' around.

Q: So it was before he tried to touch you that he accused you—that he accused you of fooling around?

A: Right. Right.

Q: Okay. At the time, what did you say?

A: I told him I wasn't, and I told him that it was my business. I told him to go find him someone else.

Q: He then touched your breast?

A: Right.

Q: Was he standing in front of you at the time?

A: Right.

Q: Did he put his hand up your shirt?

A: Right.

Q: Did he put his hand inside of your bra?

A: Right.

Q: How long did that go on?

A: Well, it went on for quite awhile, because I kept on wrassling with him, and all of that kind of stuff, to try to get him away from me.

Q: All right. But this was—he was doing this underneath your clothing; is that correct?

A: Right.

Q: At the time—well, how was it he stopped touching your breast? Did you push him away, or did he just stop?

A: I pushed him away.

Q: When he—you testified that he fondled your vaginal area.

A: Right.

Q: Was that also underneath your clothing?

A: That's right. I had pants on.

Q: And he reached down inside your pants?

A: Right.

Q: Same with when he touch [sic] your buttocks?

A: Right.

¶ 64. We agree with the court of appeals that M.M.'s testimony did not follow a chronological order. A reasonable factfinder could, however, draw the inference that the defendant verbally threatened to have retaliatory sex with M.M. and that the sexual contact occurred while he was wrestling and struggling with her to overcome her resistance. Wrestling, struggling, verbally threatening unwanted sex, tearing the victim's clothes, and breaking her finger are a sufficient use or threat of force or violence to support a conviction under Wis. Stat. § 940.225(2)(a).

¶ 65. M.M.'s testimony was sufficient to support a jury verdict, beyond a reasonable doubt, that force or the threat of force or violence was used prior to or

during the sexual contact to compel the victim's submission. We cannot conclude that the evidence in support of the defendant's conviction is so lacking in probative value and force that it can be said, as a matter of law, that no reasonable trier of fact could have drawn the inference that force or the threat of force or violence was used prior to or during the sexual contact to compel the victim's submission. Accordingly, we do not disturb the jury's verdict, and we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 66. ANN WALSH BRADLEY, J. (*concurring*). I agree with the majority opinion that a defendant's challenge to the sufficiency of the evidence need not be raised during trial to preserve the issue for appeal as a matter of right. I also agree that the evidence in this case was sufficient to support the jury's verdict. As I did in *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110, I write separately because of the spirited discussions of statutory interpretation set forth in the majority and in the concurrence of Justice Sykes. Although I again commend both authors of the discussion, I ultimately join neither.

¶ 67. Based on my observations of the past, the new "bright line" rules of statutory interpretation recently set forth by the majority in *Kalal* will be often mouthed but not always applied. Earlier this term in *Keup v. DHFS,* 2004 WI 16, ¶ 17, 269 Wis. 2d 59, 675 N.W.2d 755, the same majority purported to clearly and concisely set forth the "bright line" rules of statutory interpretation which are substantially different from

the bright line rules of the *Kalal* majority.[1] The now-defunct bright line rules of statutory interpretation were honored by the *Keup* majority as much in the breach as in the observance. Although the ink is hardly dry on the *Keup* bright line rules of statutory interpretation, they are now branded as "misleading." Justice Sykes's concurrence at ¶ 18 (citing *Kalal* at ¶ 47).

¶ 68. This case presents yet another opportunity for part of the court to engage in vigorous discussions of statutory interpretation. I will not add to the mass of our jurisprudence by continuing to write future concurrences on what I believe will be a continuing discussion. Instead, I invite the reader of our opinions to observe what I am confident will be the well intentioned, but nevertheless early and often misapplication by the *Kalal* majority of the "new" bright line rules of statutory interpretation. For the above reasons, I respectfully concur.

¶ 69. DAVID T. PROSSER, J. (*concurring*). As a general rule, issues not presented to the circuit court will not be considered for the first time on appeal. *State v. Caban,* 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997).

---

[1] As recently as two months ago, the majority set forth a relatively lengthy discussion of the now defunct bright line rule of statutory interpretation. The majority stated in part:

> If the statute is unambiguous, we must give effect to the words within the statute according to their common meanings. *DNR v. Wis. Power & Light Co.,* 108 Wis. 2d 403, 407, 321 N.W.2d 286 (1982). As a general rule, we do not review extrinsic sources unless there is ambiguity. If the statutory language is ambiguous, however, we then may use the scope, history, context, and subject matter of the statute in order to ascertain legislative intent. *State v. Delaney,* 2003 WI 9, ¶ 14, 259 Wis. 2d 77, 658 N.W.2d 416.

*Keup v. DHFS,* 2004 WI 16, ¶ 17, 269 Wis. 2d 59, 675 N.W.2d 755.

This general rule of judicial administration makes good sense, and normally it must be honored to preserve appellate deference to circuit courts.

¶ 70. The problem is that general rules frequently have exceptions. At the moment, sufficiency of the evidence appears to be one of the exceptions to the general rule of waiver.

¶ 71. This concurrence will attempt to trace the source of this exception and explain my separate vote to affirm.[1]

¶ 72. In *State v. Van Beek,* 31 Wis. 2d 51, 141 N.W.2d 873 (1966), the defendant claimed that the evidence adduced at his trial was not sufficient to prove his guilt beyond a reasonable doubt. He neglected, however, to move for a new trial or to set aside the jury's verdict. On appeal, this court refused to evaluate the sufficiency of the evidence, saying:

> The failure to present a motion for a new trial deprived the trial court of the opportunity to examine the very question which is now presented upon appeal. At least four times during the past six years this court has asserted that such an omission barred an appellant from the right to have the evidence evaluated in this court [citing cases]. . . . [W]e find no factors in the case at bar which prompt us to relieve this appellant from the quicksand in which he is trapped.

---

[1] This concurrence will refer to the opinion of the Chief Justice as the "majority" opinion. Three members of the court —Chief Justice Shirley S. Abrahamson, Justice Ann Walsh Bradley, and Justice N. Patrick Crooks—agree with the statutory interpretation in the opinion. The writer reluctantly adopts the interpretation of the statute set out in *State v. Gomez,* 179 Wis. 2d 400, 404, 507 N.W.2d 378 (Ct. App. 1993). Because four members of the court reach the same result on the statute, the Chief's opinion may be characterized as the majority opinion.

*Id.* at 52–53.

¶ 73. A month later, in *State v. Thompson,* 31 Wis. 2d 365, 367, 142 N.W.2d 779 (1966), the court reiterated the point, saying:

> In effect, this appeal is a challenge to the sufficiency of the evidence supporting the conviction. . . . The appellant made no motion in the trial court for a new trial, nor did he move to have the verdict set aside on the grounds of insufficient evidence. Accordingly, Mr. Thompson does not have the right to have the evidence reviewed upon appeal.

*See also State v. Escobedo,* 44 Wis. 2d 85, 89–90, 170 N.W.2d 709 (1969); *State v. Schneidewind,* 47 Wis. 2d 110, 119–20, 176 N.W.2d 303 (1970); *Davis v. State,* 49 Wis. 2d 180, 184, 181 N.W.2d 346 (1970); *State v. Charette,* 51 Wis. 2d 531, 536, 187 N.W.2d 203 (1971).

¶ 74. In 1977, as part of a comprehensive revision of appellate procedure, the legislature approved a statute on "Appeals and post-conviction relief in criminal, juvenile, youthful offender and mental commitment cases." Wis. Stat. § 974.02 (1977–78). As the majority opinion points out, § 974.02(2) originally read: "A motion challenging the sufficiency of the evidence is not necessary to raise on appeal the sufficiency of the evidence." Majority op., ¶ 26. This subsection did not stand in isolation, however. Subsection (1) stated that "an appeal to the court of appeals . . . or *a motion for post-conviction relief* in a felony case must be taken in the time and manner provided in s. 809.40." The reference to "motion for post-conviction relief" in subsection (1) implies that subsection (2) should be read as follows: "A [*post-conviction*] *motion* challenging the sufficiency of the evidence is not necessary to raise on appeal sufficiency of the evidence." (Emphasis added.) It would have been quite odd to change a long-

established rule of trial practice in a section of the statutes dealing with postconviction procedure.

¶ 75. In 1978, in their manual on Wisconsin Appellate Practice, Robert J. Martineau and Richard R. Malmgren described the revised statute:

§ 2706. Post-Conviction Motions

A. The Necessity of Filing Post-Conviction Motions

The procedure for filing direct post-conviction motions in criminal cases is substantially changed. Under the former procedure, a defendant in a jury trial case was required to file a motion for a new trial in order to raise any issue on appeal as a matter of right. *Sanford v. State,* 76 Wis. 2d 72, 250 N.W.2d 348 (1977). This prior procedure required post-conviction counsel to file usually futile motions with the trial court asking it to review issues that were often raised at several earlier points in the trial. The Supreme Court was particularly reluctant to review a claimed insufficiency of the evidence without a motion based on such assertion. *State v. Charette,* 51 Wis. 2d 531, 187 N.W.2d 203 (1971). Indeed, even in bench trials the Supreme Court recommended that motions be filed with the trial court asserting lack of sufficient evidence, notwithstanding the specific provision of repealed Section 974.02(5) making such motions unnecessary. *Gilbertson v. State,* 69 Wis. 2d 587, 230 N.W.2d 874 (1975).

Section 974.02(2) specifically provides that a motion challenging the sufficiency of the evidence is not necessary to raise on appeal the sufficiency of the evidence. In addition, under Rule 809.30[(1)](f) all post-conviction motions become optional. This is not to say that a defendant after conviction can raise any issue on appeal. The law in Wisconsin clearly requires that in order for an issue to be properly raised on appeal, it often has to be raised at a more preliminary point in the proceedings, such as in a motion to

36

dismiss . . . The primary change in the law, as reflected in Rule 809.30[(1)](f) and the Judicial Council Committee's Note, is that the errors need not be reasserted after conviction if they have been raised at the appropriate point in the earlier proceedings.

Robert J. Martineau & Richard R. Malmgren, *Wisconsin Appellate Practice* 172–73 (1978).

¶ 76. This court took issue with part of the above-quoted interpretation in *State v. Monje,* 109 Wis. 2d 138, 325 N.W.2d 695 (1982). Discussing § 974.02(2), the court stated:

> It is only under sec. 974.02(2), Stats. 1979–80 that authorization is given to take an appeal without a postconviction motion first being made. . . . We construe this rule as being consistent with prior case law and hold that for issues on appeal to be considered as a matter of right, postconviction motions must be made except in challenges to the sufficiency of the evidence under sec. 974.02(2).

*Id.* at 153a.

¶ 77. In 1983, the legislature responded to the *Monje* decision by revising § 974.02(2). It now reads: "An appellant is not required to file a postconviction motion in the trial court prior to an appeal if the grounds are sufficiency of the evidence or issues previously raised." This subsection plainly refers to postconviction motions. Moreover, the analysis accompanying the bill states: "This bill does not modify the waiver doctrine, requiring timely objection or motion to preserve alleged error." *See* Majority op., ¶ 36.

¶ 78. During the time that Wisconsin was refining its postconviction procedure, the United States Supreme Court decided *Burks v. United States,* 437 U.S. 1 (1978). In this case, the Court held that double jeopardy

37

precludes a second trial once a reviewing court has found the evidence insufficient to sustain the jury's verdict of guilty.

¶ 79. The year after *Burks,* this court stated in *Thiesen v. State,* 86 Wis. 2d 562, 564, 273 N.W.2d 314 (1979) that: "This court has frequently said that if the alleged error is one which the trial court could have corrected by granting a new trial, a motion for a new trial is necessary before the claimed error will be reviewed by this court as a matter of right" (citing cases). This statement was repeated in *Beamon v. State,* 93 Wis. 2d 215, 218, 286 N.W.2d 592 (1980), with the supplementary comment that: "This rule has been applied to claims of insufficient evidence." *Beamon,* 93 Wis. 2d at 218.

¶ 80. There is an obvious inconsistency in this pronouncement. In view of the *Burks* decision, a circuit court may not grant the state a new trial when the court concludes there is insufficient evidence to convict. There may be times when the trial court can permit the state to reopen the case to introduce additional evidence after the state has rested. *Grover v. State,* 61 Wis. 2d 282, 283, 212 N.W.2d 117 (1973); Wis. Stat. § 972.10(3). However, if the case has reached the point of no return when the evidentiary record is closed, the case must be dismissed. "[T]he only remedy available to the court is to order a judgment of acquittal." *State v. Ivy,* 119 Wis. 2d 591, 608, 350 N.W.2d 622 (1984).

¶ 81. Put another way, when a defendant believes the state has failed to produce sufficient evidence to convict, the defendant should move to dismiss. A defendant should *not* move for a new trial on these grounds, either before conviction or after conviction, because a new trial based on insufficiency of the evidence would constitute double jeopardy.

¶ 82. The issue for us is whether a defendant is required to move to dismiss, or make an equivalent motion, before the case goes to the fact-finder in order to preserve the issue of evidence sufficiency for appeal as of right.

¶ 83. Justice Sykes contends that § 974.06 is a postconviction statute that does not excuse a defendant's failure to preserve the issue of evidence sufficiency during the trial, at some point before conviction. There is compelling evidence to support this view.

¶ 84. Nonetheless, two points must be made. First, because the "waiver" rule is a rule of judicial administration as opposed to an inflexible prohibition, it is often disregarded by appellate courts. The reasons for this may be found in the policy discussions in the majority opinion and in the concurring opinion of Justice Roggensack. The fact that the waiver rule is not consistently applied breeds an expectation on the part of some defendants that it will not be applied to them.

¶ 85. Second, some defendants see the *Gomez* case as establishing an exception to the waiver rule. *State v. Gomez,* 179 Wis. 2d 400, 404, 507 N.W.2d 378 (Ct. App. 1993). The *Gomez* decision interpreting § 974.02 is quite imprecise but it has been relied upon by defendants for more than a decade.[2]

---

[2] In *State v. Gomez,* 179 Wis. 2d 400, 404, 507 N.W.2d 378 (Ct. App. 1993), the defendant argued that there was insufficient evidence to convict him of child enticement. The court said:

> Gomez did not file a postconviction motion but instead directly appealed to this court.

> Gomez challenges the sufficiency of the evidence to convict him of enticement of a child in violation of sec. 948.07, Stats. The State

¶ 86. In his valuable treatise on appellate practice, Michael S. Heffernan writes:

> argues that Gomez waived the argument because he did not present this issue to the trial court before, during or after the trial. Gomez correctly asserts that his argument is based upon the sufficiency of the evidence to convict, which under sec. 974.02(2) Stats., does not require a prior postconviction motion. Therefore, the issue is preserved for appeal.

*Gomez,* 179 Wis. 2d at 404.

In its appeal brief, the State said: "The appellant's challenge to the sufficiency of the evidence to convict was rejected by the trial court (19:40–41). The appellant failed to present any challenge to the applicability of sec. 948.07, Stats., to the enticement of a child into her own bedroom."

> It is the appellant's position that sec. 948.07, Stats., as a matter of law was not intended to apply to the fact situation presented by this case. . . .
>
> The appellant never presented this challenge to the applicability of sec. 948.07, Stats., at any point before, during or after trial. He has, consequently, failed to properly preserve this challenge for appellate review.
>
> . . . . To properly preserve his objection, the appellant must at least present the claim in a postconviction motion, if it was not raised earlier. Sec. 974.02(2). . . .
>
> The appellant's failure to properly preserve this issue of statutory construction at the trial court level is fatal to his claim on appeal.

In his reply brief, the defendant said:

> The state . . . asks this court to refuse to address an issue based on some waiver theory. . . . Gomez has argued that his conduct, assuming the facts alleged were true, did not meet the legal definition of the crime . . . That is just another way of saying that the state failed to prove any conduct by Gomez that would allow him to be found guilty of violating the crime defined by § 948.07. *It is a sufficiency of evidence argument,* and § 974.02(2) plainly states that a postconviction motion in the trial court is not necessary in such a case. (Emphasis added)

> One of the major limitations on review is the general refusal of appellate courts to consider issues raised for the first time on appeal. . . . Sections 974.02(2) and 805.17(4) provide that *sufficiency of the evidence may be raised for the first time on appeal from criminal cases and trials to the court.*

Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin* III. [§ 3.3], Trial Record - Avoiding Waiver [3.4], Raising Issues in the Trial Court. (3d ed. 2002).

¶ 87. It is not certain whether Heffernan is asserting that a criminal defendant has no obligation to preserve an objection to the sufficiency of the evidence during trial in order to appeal on this issue as of right, but his comment can be read that way.

¶ 88. In light of both precedent and scholarly commentary, it is difficult for me to set out and enforce a strict waiver rule in this situation.

¶ 89. Although *Gomez* appears to be questionable, I think the better course for now is to stick with its perceived interpretation of the statute, as a matter of policy, with the hope that the statute will be clarified by the legislature or by this court through judicial rulemaking. Creating clear rules governing when and how a defendant should challenge the sufficiency of the evidence in the trial court ought to be a high priority, because the result of the majority opinion is that the state can and will be sandbagged by defendants who

---

The *Gomez* case did not say explicitly that a defendant is not required to make a timely objection as to evidence sufficiency at some point during trial in order to preserve that issue as of right on appeal. Without digging deeper into the record, it appears as though the court of appeals permitted a general challenge to the sufficiency of the evidence to suffice for a narrower challenge to the state's proof.

remain silent until it is too late for the court to react. I cannot join the majority opinion because it has the effect of turning "quicksand" into solid rock. It is now urgent for courts and prosecutors to develop techniques to force a defendant's hand, so that a defendant cannot euchre the court into making an avoidable and irrevocable error.

¶ 90. In any event, I agree with the court of appeals that the defendant's conviction must be affirmed because the evidence was sufficient to support the jury's verdict.

¶ 91. DIANE S. SYKES, J. (*concurring*). Anyone who follows and attempts to apply the decisions of this court will be justifiably exasperated by this case. The majority opinion fundamentally misconstrues the issue on this appeal. This is not really a statutory interpretation case. The issue on this appeal is the application of the common-law waiver rule to a sufficiency of the evidence argument raised for the first time on appeal. Having mischaracterized the issue in this case, the majority compounds the analytical confusion by inexplicably refusing to apply the legal principles governing statutory interpretation as recently clarified in *State ex rel. Kalal v. Circuit Court,* 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110.

I

¶ 92. The defendant Obea Hayes was convicted of sexual assault and on appeal challenged the sufficiency of the evidence without ever having raised the issue in the circuit court. "It is a fundamental principle of appellate review that issues must be preserved at the circuit court. Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal." *State v. Huebner,* 2000 WI

59, ¶ 10, 235 Wis. 2d 486, 611 N.W.2d 727. This is denominated as the "waiver rule" (even though it might more precisely be labeled the "forfeiture rule") because "issues that are not preserved are deemed waived." *Id.,* ¶ 11. The waiver rule is a fundamental and well-established rule of judicial administration, "not merely a technicality or a rule of convenience; it is an essential principle of the orderly administration of justice." *Id.*

¶ 93. We have emphasized that "[t]he reasons for the waiver rule go to the heart of the common law tradition and the adversary system." *State v. Caban,* 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997). The rule "exists to cultivate timely objections. Such objections promote both efficiency and fairness." *State v. Erickson,* 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999). The waiver rule limits the scope of appellate review to issues that were first raised in the circuit court, and thus "gives deference to the factual expertise of the trier of fact, encourages litigation of all issues at one time, simplifies the appellate task, and discourages a flood of appeals." *Caban,* 210 Wis. 2d at 605 (citing David L. Walther, Patricia L. Grove, and Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin,* § 3.2 (1995)). Accordingly, "when a party seeks review of an issue that it failed to raise before the circuit court, issues of fairness and notice, and judicial economy are raised." *Id.*

¶ 94. We have described the central significance of the waiver rule in the following terms:

> The waiver rule serves several important objectives. Raising issues at the trial court level allows the trial court to correct or avoid the alleged error in the first place, eliminating the need for appeal. . . . It also gives both parties and the trial judge notice of the issue and a fair opportunity to address the objection. . . .

43

Furthermore, the waiver rule encourages attorneys to diligently prepare for and conduct trials. . . . Finally, the rule prevents attorneys from "sandbagging" errors, or failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal. . . . For all of these reasons, the waiver rule is essential to the efficient and fair conduct of our adversary system of justice.

*Huebner,* 235 Wis. 2d 486, ¶ 12 (citations omitted).

¶ 95. While appellate courts have the authority to overlook a waiver and address the merits of an issue not raised in the circuit court, "the normal procedure in criminal cases is to address waiver within the rubric of the ineffective assistance of counsel." *Erickson,* 227 Wis. 2d at 766. Also, in exceptional cases, Wis. Stat. §§ 751.06 and 752.35 provide authority for discretionary review and reversal despite a waiver. *State v. Schumacher,* 144 Wis. 2d 388, 399–401, 424 N.W.2d 672 (1988).

¶ 96. In short, the waiver rule is a fundamental, essential, and firmly-established principle of appellate jurisprudence in Wisconsin, necessary to both fairness and the efficient administration of justice. The law provides remedial safeguards by which reviewing courts may ignore waiver where appropriate in individual cases.

¶ 97. How is it, then, that the majority jettisons a rule deemed "fundamental," "essential," and at the "heart of the common law tradition and the adversary system," and categorically authorizes *all* sufficiency of the evidence challenges to be raised for the first time on appeal as a matter of right? It does so by a novel and ultimately subjective approach to the interpretation of an *inapplicable* statute—an approach, moreover, that

44

conflicts with the principles of statutory interpretation just clarified in *Kalal,* 271 Wis. 2d 633, ¶¶ 44–52.

## II

¶ 98. The majority has concluded that Wis. Stat. § 974.02(2), which provides that sufficiency of the evidence arguments on appeal need not be preceded by postconviction motion in the circuit court, somehow governs the broader question of whether sufficiency of the evidence challenges must be preserved *at all,* during trial when the state initially rests or at the close of the evidence. This broader question requires only consideration of the common-law waiver rule, but the majority opinion treats it as a question of the interpretation of Wis. Stat. § 974.02(2). It is not.

¶ 99. Wisconsin Stat. § 974.02 addresses only *postconviction* motion requirements—not motions or objections at trial or the waiver rule on appeal—and specifies at subsection (2) that "[a]n appellant is not required to file a postconviction motion in the trial court prior to an appeal if the grounds are sufficiency of the evidence or issues previously raised." The statute on its face does not address whether a motion to dismiss or other objection to the sufficiency of the evidence is required during trial or at the close of the evidence in order to preserve the issue for appeal. Motions to dismiss during trial in criminal cases are governed by Wis. Stat. § 972.10(4), and more generally by Wis. Stat. § 805.14(6) (requiring grounds for insufficiency of the evidence to be stated with particularity), which is made applicable to criminal cases by Wis. Stat. § 972.11(1).

¶ 100. The postconviction motion statute does not address whether a defendant who neglects to raise a sufficiency of the evidence argument *at any time* in the

circuit court has waived it; the statute is silent on the issue of whether sufficiency of the evidence may be raised *for the first time* on appeal. Accordingly, the common-law waiver rule, and not Wis. Stat. § 974.02(2), governs the outcome of this appeal.

¶ 101. In fairness, the analytical confusion surrounding this issue started with the court of appeals' decision in *State v. Gomez*, 179 Wis. 2d 400, 507 N.W.2d 378 (Ct. App. 1993). In *Gomez*, the court of appeals concluded, without analysis, that because Wis. Stat. § 974.02(2) does not require a *postconviction motion* for sufficiency of the evidence challenges, such challenges are preserved for appeal even when not raised in the circuit court *during trial or at the close of the evidence. Id.* at 404. This *non sequitur* formed the basis for the court of appeals' decision in this case, and the majority now perpetuates the mistake by treating this issue as though it is controlled by an interpretation of the postconviction motion statute, which it is not. By its terms, Wis. Stat. § 974.02(2) governs only postconviction motion procedure. The statute says nothing about what must be done at trial to preserve arguments for appeal as a general matter, or whether sufficiency of the evidence arguments in particular are exempt from the general rule of waiver if not preserved at trial.

¶ 102. The majority nonetheless devotes 47 paragraphs to an unusual, freewheeling method of statutory interpretation as applied to Wis. Stat. § 974.02(2), finds the exercise inconclusive, and eventually makes its own policy choice about whether to allow this category of unpreserved argument to be raised for the first time on appeal. The majority assiduously avoids the customary opening articulation of the legal principles that apply to questions of statutory interpretation. This would not be

46

so bad if the accepted legal principles made an appearance later in the opinion. But they do not.

¶ 103. Instead, the majority begins with a recitation of the parties' proffered interpretations of the statute (as if the parties' interpretations controlled the analysis), and then moves into a consideration of the "context of the statute" (this includes an inconclusive discussion of Chapters 972 and 974 and the common law of waiver). We next enter the realm of legislative history (where we discover contradictory and misleading information) and then take up what the majority calls the "policies, purposes and consequences" of alternative interpretations (where apparently there are no real principles to guide decision-making other than the judiciary's own policy preferences). Ultimately, this interpretive journey leads nowhere (at each stage we are told there are good arguments all around), so the majority decides that the "best" interpretation is one that recognizes that sufficiency of the evidence challenges are "different from other types of challenge not previously raised during trial," which "justifies allowing a challenge to the sufficiency of the evidence to be raised on appeal as a matter of right despite the fact that the challenge was not raised in the circuit court." Majority op., ¶ 54.

¶ 104. Apart from the fundamental reality that this is not a statutory interpretation case, I cannot agree with the majority's approach because it conflicts in certain important respects from accepted principles of statutory interpretation found in our case law. It is certainly true that our statutory interpretation cases have not always been consistent; it is also true that some recent opinions have appeared to depart from the standard rules of statutory interpretation. Nevertheless, certain well-established general principles prevail,

47

and this court has very recently clarified, and, as clarified, reaffirmed those general principles in *Kalal*, 271 Wis. 2d 633, ¶¶ 44–52. I recognize that these principles are of general application and therefore may require supplementation by special or additional rules applicable to specific problems of interpretation in particular cases. Also, because they are general legal principles of broad application, they may not provide answers to all or the most difficult statutory interpretation questions. But the principles of statutory interpretation as restated in *Kalal* cannot simply be ignored.[1]

## III A

¶ 105. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *Kalal*, 271 Wis. 2d 633, ¶ 44. We held in *Kalal* that "judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute. We assume that the legislature's intent is expressed in the statutory language." *Id.*

¶ 106. Thus, statutory interpretation "begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." *Seider v. O'Connell*, 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659; *see also State v. Setagord*, 211 Wis. 2d 397,

---

[1] Neither can the principles of statutory interpretation articulated by this court in *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶¶ 44–52, 271 Wis. 2d. 633, 681 N.W.2d 110, be dismissed as mere "spirited discussions" or "vigorous discussions" by "part of the court." Concurrence of Justice Bradley, ¶¶ 66, 68. Needless to say, *Kalal* is binding precedent.

406, 565 N.W.2d 506 (1997); *State v. Williams,* 198 Wis. 2d 516, 525, 544 N.W.2d 406 (1996); *State v. Martin,* 162 Wis. 2d 883, 893–94, 470 N.W.2d 900 (1991). Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning. *Bruno v. Milwaukee County,* 2003 WI 28, ¶¶ 8, 20, 260 Wis. 2d 633, 660 N.W.2d 656; *see also* Wis. Stat. § 990.01(1).

¶ 107. "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Kalal,* 271 Wis. 2d 633, ¶ 46 (citing *State v. Delaney,* 2003 WI 9, ¶ 13, 259 Wis. 2d 77, 658 N.W.2d 416; *Landis v. Physicians Ins. Co. of Wis.,* 2001 WI 86, ¶ 16, 245 Wis. 2d 1, 628 N.W.2d 893; and *Seider,* 236 Wis. 2d 211, ¶ 43). Statutes are read where possible to give reasonable effect to every word, to avoid surplusage. *Kalal,* 271 Wis. 2d 633, ¶ 46; *Martin,* 162 Wis. 2d at 894. "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Bruno,* 260 Wis. 2d 633, ¶ 20. Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history. *Kalal,* 271 Wis. 2d 633, ¶ 46 (citing *Bruno,* 260 Wis. 2d 633, ¶ 7; *State ex rel. Cramer v. Schwartz,* 2000 WI 86, ¶ 18, 236 Wis. 2d 473, 613 N.W.2d 591; *Seider,* 236 Wis. 2d 211, ¶ 50; and *Martin,* 162 Wis. 2d at 893–94).

¶ 108. It is at this point in the process—the unambiguous/ambiguous line of demarcation—that the cases have sometimes blurred the analysis.[2] As we noted in *Kalal,* many cases contain this statement: "If a statute is ambiguous, the reviewing court turns to the

[2] Some of our recent cases have appeared to cross this analytical threshold into a mode of analysis traditionally reserved for ambiguous statutes without an initial determination of statutory ambiguity. *See Hubbard v. Messer,* 2003 WI 145, ¶ 9, 267 Wis. 2d 92, 673 N.W.2d 676; *Village of Lannon v. Wood-land Contractors, Inc.,* 2003 WI 150, ¶ 13, 267 Wis. 2d 158, 672 N.W.2d 275; *Highland Manor Assocs. v. Bast,* 2003 WI 152, ¶¶ 15–19, 268 Wis. 2d 1, 672 N.W.2d 709. *See also Hubbard,* 267 Wis. 2d 92, ¶¶ 44–47 (Roggensack, J., concurring)(commenting on this departure from standard methodology); *Courtney F. v. Ramiro M.C.,* 2004 WI App 36, ¶ 14, 269 Wis. 2d 709, 676 N.W.2d 545 (same). I do not read these cases as representing an abandonment of the plain-meaning rule or an endorsement of resort to extrinsic sources of interpretation in all statutory interpretation cases. While it is fair to say that they incorporate certain interpretive inquiries that have often fallen on the far side of the traditional ambiguity threshold, they do so in a way that does not actually go behind the statutory law in search of ambiguity or into a consideration of classic extrinsic sources, such as items of legislative history. Legislative history is the customary "extrinsic aid" for purposes of statutory interpretation, *see* Norman J. Singer, *Sutherland Statutory Construction* § 45:14 at 109 (6th ed. 2002), and can potentially include a broad array of material, reliable and unreliable, objective and subjective. In any event, to the extent that there was some confusion in this area, we have clarified the principles that govern statutory interpretation in *Kalal,* 271 Wis. 2d 633, ¶¶ 44–52. The majority opinion conflicts with *Kalal* in some important aspects of its analysis. The majority engages in a wide-ranging examination of legislative history and a policy-based evaluation of the competing "purposes and consequences" of alternative interpretations, where the statute by its plain language does not apply. This, in my judgment,

scope, history, context and purpose of the statute." *Cramer*, 2000 WI 86, ¶ 18, 236 Wis. 2d 473, 613 N.W.2d 591. This formulation, we said, "is somewhat misleading: scope, context, and purpose are perfectly relevant to a plain meaning interpretation of an unambiguous statute as long as the scope, context, and purpose are ascertainable from the text and structure of the statute itself, rather than extrinsic sources, such as legislative history." *Kalal*, 271 Wis. 2d 633, ¶ 48.

¶ 109. In any event, we reaffirmed in *Kalal* that it remains true that Wisconsin courts generally do not consult extrinsic sources of interpretation, such as legislative history, unless the statute is ambiguous. *Kalal*, 271 Wis. 2d 633, ¶¶ 50–51. "Traditionally, 'resort to legislative history is not appropriate in the absence of a finding of ambiguity.' " *Seider*, 236 Wis. 2d 211, ¶ 50 (quoting *State v. Sample*, 215 Wis. 2d 487, 495–96, 573 N.W.2d 187 (1998) (quoting in turn, *State v. Setagord*, 211 Wis. 2d at 406)). While legislative history will sometimes be consulted to confirm or verify a plain meaning interpretation, *Seider*, 236 Wis. 2d 211, ¶¶ 51–52, as a general matter, legislative history— unquestionably an "extrinsic source" for statutory interpretation purposes—is not consulted except to resolve an ambiguity in the statute. *Kalal*, 271 Wis. 2d 633, ¶¶ 50–51. If the language of the statute is ambiguous even when considered in light of its textually ascertainable context, scope, and purpose, then the primary intrinsic analysis has been exhausted and secondary extrinsic sources of interpretation become relevant.

represents a departure from our generally accepted statutory interpretation jurisprudence, and is clearly inconsistent with *Kalal*. See, ¶¶ 12–20, *infra*.

¶ 110. These principles, we said in *Kalal,* are fundamentally important to the rule of law. *Kalal,* 271 Wis. 2d 633, ¶ 52. The majority does not explain its refusal to apply or even mention them here.

### III B

¶ 111. Here, we need go no further than the text of Wis. Stat. § 974.02(2) to discover that it does not apply, as I have discussed above. Nonetheless, the majority embarks upon a lengthy, unnecessary, and ultimately fruitless consideration of conflicting legislative history. Majority op., ¶¶ 24–38. A position paper by Charles Bennett Vetzner of the State Public Defender's office figures prominently; from this flows the majority's supposition that the statute was "seemingly designed" to codify Vetzner's position—also the defendant's—that sufficiency of the evidence challenges cannot be waived. Majority op., ¶ 38. As it turns out, however, the Legislative Reference Bureau's Analysis supports · the opposite conclusion: that Wis. Stat. § 974.02(2) has nothing to do with, and does not modify, the common-law waiver doctrine. Majority op., ¶ 35. The whole exercise illustrates one of the potential pitfalls of unnecessary forays into legislative history: the risk that the views of those who sought to influence the legislative process might skew a straightforward, plain-meaning reading of the statutory text itself.

¶ 112. In any event, the majority eventually concludes that the legislative history is inconclusive, and ventures into an equally lengthy discussion of what is analytically labeled the "purposes and consequences" or "policies, purposes and consequences" of alternative interpretations of Wis. Stat. § 974.02(2). Majority op., ¶¶ 39–54. As far as I can tell, this is new to our statutory interpretation jurisprudence, and the majority cites no

authority for it. This alternative "purposes and consequences" approach to statutory interpretation appears to consist entirely of a policy discussion, in this instance focusing on an analysis of the common-law waiver doctrine and its justifications. If, as a matter of judicial policy, the majority has decided to carve out a *common-law* exception to the *common-law* rule of waiver for all sufficiency of the evidence challenges, it should say so, and not attempt to disguise the analysis as an interpretation of Wis. Stat. § 974.02(2). As it is, the majority appears to be endorsing the concept that statutory interpretation involves a judicial policy judgment based upon a weighing and balancing of competing "purposes and consequences" of alternative interpretations. This leaves room for the substitution of the judiciary's subjective policy choices for those of the legislature, a phenomenon that a text-based, plain-meaning approach to statutory interpretation seeks to guard against.

¶ 113. Indeed, the majority ultimately concludes that its "policies, purposes and consequences" analysis carries the day, leading to an interpretation of Wis. Stat. § 974.02(2) that treats sufficiency of the evidence challenges as "different from other types of challenge not previously raised during trial." Majority op., ¶ 54. That is, the majority interprets Wis. Stat. § 974.02(2) as creating a categorical exception to the common-law waiver rule for all sufficiency of the evidence challenges, even though the statute by its terms pertains only to postconviction motion requirements and has nothing to do with the common-law waiver rule at all. This represents a judicial policy decision, not statutory interpretation; even if it were good policy, it is bad statutory interpretation precedent.

## IV

¶ 114. Moreover, I do not believe it to be good common-law policy. There is no sound reason to refuse to apply the wavier rule to sufficiency of the evidence challenges. Requiring challenges to the sufficiency of the evidence to be preserved in the circuit court during trial promotes the fairness, notice, and judicial economy objectives of the waiver rule. Automatic preservation without objection or motion at trial deprives the parties and the circuit court of the opportunity to correct the problem prior to appeal and will result in a proliferation of these arguments in the appellate courts. A categorical exception is not needed, as there is statutory and case law authority that allows a reviewing court to ignore a waiver and reach the merits in exceptional cases where necessary to avoid individual injustices. In any event, a waived argument can be raised by way of an ineffective assistance of counsel claim.

¶ 115. There is another factor that weighs in favor of applying the waiver rule to sufficiency of the evidence challenges: as Justice Prosser discusses at greater length in his concurrence, double jeopardy bars retrial where reversal is based on insufficiency of the evidence. *State v. Ivy,* 119 Wis. 2d 591, 608, 350 N.W.2d 622 (1984). A sufficiency of the evidence objection raised in the circuit court during trial or at the close of the evidence can potentially be cured; a sufficiency of the evidence challenge raised for the first time on appeal (whether strategically or otherwise) will, if successful, result in a bar to retrial. I recognize that defendants generally will not want to strategically "save" their sufficiency of the evidence arguments until appeal, and therefore the risk of "sandbagging" with sufficiency of the evidence arguments is low. But the waiver rule exists in part to promote resolution of all

54

potential arguments in the circuit court, and a rule of automatic preservation without objection or motion at trial frustrates that purpose.

¶ 116. The defendant did not argue ineffective assistance of counsel or invoke Wis. Stat. §§ 751.06 or 752.35 as a means of getting to the merits of his sufficiency of the evidence argument despite having waived it. Nor did he offer any basis upon which the court should exercise its inherent authority to ignore the waiver. I would not create a categorical exception to the waiver rule at common law to allow sufficiency of the evidence challenges to be made for the first time on appeal as a matter of right. Wisconsin Stat. § 974.02(2) pertains only to postconviction motion requirements and therefore does not apply. Accordingly, I respectfully concur.

¶ 117. I am authorized to state that Justice JON P. WILCOX joins this concurring opinion; Justice PATIENCE D. ROGGENSACK joins sections I, II, III A, and III B.

¶ 118. PATIENCE D. ROGGENSACK, J. (*concurring*). While I agree with the conclusions reached by the majority opinion, that Hayes was not required to raise a challenge to the sufficiency of the evidence during trial and that the evidence was sufficient to support the jury's verdict, I write separately because I conclude that an accused's right to challenge the sufficiency of the evidence is not grounded in Wis. Stat. § 974.02(2)[1] nor is it subject to waiver if not raised at trial. Rather, it is bottomed in the requirement that the State must prove an accused's guilt beyond a reasonable

---

[1] As I have joined Justice Sykes's concurrence in regard to the interpretation of Wis. Stat. § 974.04(2), I will not address that issue further.

55

doubt, and that to relieve the State of that burden at any point in the process undermines the fundamental constitutional principle that a defendant is presumed innocent until the State proves him or her guilty by that requisite degree of proof. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

¶ 119. In the landmark case of *In re Winship,* 397 U.S. 358 (1970), the United States Supreme Court explained that the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction unless proof beyond a reasonable doubt of the crime charged has been submitted to the fact-finder. *Id.* at 364. Accordingly, when a claim of insufficient evidence is raised, the evidence is examined in the view most favorable to the State, and we reverse only if the record contains no evidence from which a jury could reach a finding of guilt beyond a reasonable doubt. *See Hoffman v. Wisconsin Elec. Power Co.,* 2003 WI 64, ¶ 9, 262 Wis. 2d 264, 664 N.W.2d 55. Appellate reversal based on insufficient evidence means that the State's case was so lacking in proof that it should not have been sent to the jury. In such a case, society has no interest in upholding the conviction. Therefore, I conclude that the better choice between applying waiver and reaching the issue of sufficiency of the evidence on the merits is the latter one. Accordingly, I respectfully concur.