**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 12, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2018AP2423**
**2018AP2424**

Cir. Ct. Nos. 2017TP105
2017TP106

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO G. M. AND L. M.,
PERSONS UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

A. C. M.,

RESPONDENT-APPELLANT.

APPEALS from orders of the circuit court for Milwaukee County:
CHRISTOPHER R. FOLEY, Judge. *Affirmed*.

¶1 KESSLER, J.[1] A.C.M. appeals the orders terminating her parental rights to her children, L.M. and G.M. A.C.M. contends that her counsel was ineffective for failing to call her therapist as a witness at the fact-finding hearing. A.C.M. also contends that there was insufficient evidence to support the circuit court's finding that there was a substantial likelihood that she would not meet the court-ordered conditions for her children's return within the nine months following the fact-finding hearing. We affirm.

## BACKGROUND

¶2 On September 16, 2016, G.M. and L.M. were found to be children in need of protection or services. On October 19, 2016, a court commissioner entered dispositional orders placing L.M. and G.M. outside of their home. The order listed multiple conditions for A.C.M. to meet for the children's return: (1) control her mental health; (2) control her drug and alcohol addiction; (3) always supervise her children and place their needs ahead of her own; (4) provide safe care for the children; and (5) visit the children regularly. The order required the Division of Milwaukee Child Protective Services (DMCPS) to make reasonable efforts to provide A.C.M. with a number of services to help her meet the conditions for her children's safe return. Such efforts included a psychological evaluation, individual therapy, medication management, parenting classes, an alcohol or drug assessment, random urine analysis screenings, supervised visitation, and case management.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

2

¶3    In June 2017, the State of Wisconsin filed a petition to terminate A.C.M.'s parental rights to G.M. and L.M. As grounds for termination, the petitions alleged that the children were in continuing need of protection or services ("Continuing CHIPS") under WIS. STAT. § 48.415(2), and failure to assume parental responsibility under WIS. STAT. § 48.415(6).

¶4    Several witnesses testified at the fact-finding hearing. Dr. Kenneth Sherry, a psychologist, testified that he conducted a psychological evaluation of A.C.M. Dr. Sherry testified that he was eventually able to complete the evaluation after seven unsuccessful attempts because A.C.M. either missed scheduled appointments or because A.C.M. was too physically ill for him to complete an evaluation when she did come to her scheduled appointments. Dr. Sherry testified that A.C.M. admitted that there was a four-month period in which she did not see her children after they were removed from her care, but A.C.M. could not provide an explanation as to why she did not see her children. Dr. Sherry testified that as a result of A.C.M.'s significant trauma history, she suffered from multiple mental health issues. Dr. Sherry testified that as of the time of his evaluation, A.C.M. was inconsistent with visiting her children, was unable to be "consistent with her work with the court," was unable to establish employment, was unable to establish consistent housing, and continued to maintain violent relationships.

¶5    Kimberly Dudzik, the children's case manager from March 2017 through June 2017, testified that she was aware of the conditions of the children's return to A.C.M and attempted to work with A.C.M. to meet those conditions. Dudzik testified that A.C.M: had not successfully managed her mental health; had not successfully controlled her drug or alcohol addictions; was inconsistent with visitation; did not establish an ability to care for her children or their special needs;

did not establish stable employment; and was unable to provide safe care for the children.

¶6 Amanda Avila, the children's ongoing case manager, testified that when she received the case from Dudzik, A.C.M. had not visited her children in several weeks. Avila testified that after A.C.M.'s visitation allowance was reduced to one day a week for two hours, A.C.M. continued to frequently miss visits without explanation. Avila also stated that A.C.M. was required to complete random urine screens. Only one urine screen was completed, which Avila said tested positive for opiates, amphetamines and benzodiazapam. Avila also stated that she acquired records from A.C.M.'s psychiatrist, Dr. Holloway, which showed that A.C.M. requested early refills for her prescriptions on multiple occasions. Avila stated that she was "not sure" that A.C.M. could make substantial progress on the conditions for the children's return within the nine months following the hearing, as required by WIS. STAT. §48.415(2)(a).

¶7 Ultimately, the circuit court made the necessary finding of unfitness and, following disposition, determined that termination of A.C.M.'s parental rights was in the children's best interests.

¶8 A.C.M. filed a notice of appeal and a motion for remand. This court remanded the matter for further proceedings. A.C.M. filed a motion for postdisposition relief arguing, as relevant to this appeal, that counsel was ineffective for failing to call A.C.M.'s long-term treating psychiatrist, Dr. Holloway. A.C.M. argued that Dr. Holloway would have been able to testify that A.C.M. was taking her medications as prescribed and was cooperating with her medical treatments. A.C.M. argued that Dr. Holloway's testimony would have rebutted the State's allegations of medication abuse.

¶9    At a hearing on the motion, A.C.M. testified that she provided counsel with a list of witnesses, which included Dr. Holloway.  A.C.M. stated that Dr. Holloway had "been aware of my psychiatric and psychologic conditions.  He also is aware of my medications that I was prescribed and how I took them at the time and going forward."

¶10    Counsel testified that she had Dr. Holloway's notes and records in discovery, but that she never personally reached out to the physician.  Counsel stated that she did not specifically recall whether A.C.M. asked to call Dr. Holloway as a witness.  Counsel noted that testimony from Dr. Holloway would not have been able to provide insight into why A.C.M. skipped multiple urine screens or why open pill bottles were found within the children's reach in A.C.M.'s home.  Counsel also stated that Dr. Holloway's notes contained "some negative notes."

¶11    The postdisposition court found that counsel should have spoken with Dr. Holloway, but that there was no evidence that Dr. Holloway's testimony would have benefited A.C.M.  The court found that counsel provided effective assistance and denied A.C.M.'s motion.  This appeal follows.

## DISCUSSION

¶12    On appeal, A.C.M. contends that she received ineffective assistance of counsel because of counsel's failure to call Dr. Holloway as a witness.  She also argues that there was insufficient evidence to support the circuit court's finding that there was a substantial likelihood that A.C.M. would not meet the conditions of return in the nine months following the fact-finding hearing.

**Ineffective Assistance of Counsel**

¶13    Parents have the right to effective assistance of counsel in actions to involuntarily terminate parental rights.  *See A.S. v. State*, 168 Wis. 2d 995, 1004, 485 N.W.2d 52 (1992); WIS. STAT. § 48.23(2)(b).  Ineffective assistance of counsel claims in a termination of parental rights proceeding are analyzed using the two-part test described in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *See Oneida Cty. Dep't of Soc. Servs. v. Nicole W.*, 2007 WI 30, ¶33, 299 Wis. 2d 637, 728 N.W.2d 652.  To obtain relief based on ineffective assistance of counsel, A.C.M. has the burden to prove both deficient performance and prejudice.  *See Strickland*, 466 U.S. at 687.  Performance is deficient if it falls below an objective standard of reasonableness.  *Id.* at 688.  To show prejudice, A.C.M. must show a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceedings would have been different.  *See id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding.  *Id.*  If A.C.M.'s argument falls short with respect to either deficient performance or prejudice, her claim of ineffective assistance fails.  *See State v. Smith*, 2003 WI App 234, ¶15, 268 Wis. 2d 138, 671 N.W.2d 854 ("A court need not address both components of this inquiry if the defendant does not make a sufficient showing on one.").

¶14    "A claim for ineffective assistance of counsel is a mixed question of fact and law." *State v. Wood*, 2010 WI 17, ¶16, 323 Wis. 2d 321, 780 N.W.2d 63.  This court will sustain the circuit court's findings of fact "unless they are clearly erroneous." *See State v. Doss*, 2008 WI 93, ¶23, 312 Wis. 2d. 570, 754 N.W.2d. 150.  "Whether counsel's performance was deficient and prejudicial to his or her client's defense is a question of law that we review de novo." *State v. Hunt*, 2014 WI 102, ¶22, 360 Wis. 2d 576, 851 N.W.2d. 434.

6

¶15     To establish the continuing CHIPS ground for termination, the State must prove that: (1) the child has been adjudged to be a child in need of protection or services and placed, or continued in a placement, outside his or her home pursuant to one or more court orders; (2) the agency responsible for the care of the child and the family has made reasonable efforts to provide the services ordered by the court; (3) the child has been outside the home for a cumulative total period of six months or longer pursuant to such orders; (4) the parent has failed to meet the conditions established for the safe return of the child to the home; and (5) there is a substantial likelihood that the parent will not meet the conditions within the nine-month period following the fact-finding hearing. WIS. STAT. § 48.415(2)(a).

¶16     A.C.M. argues that counsel was ineffective for failing to communicate with Dr. Holloway or call him as a witnesses because Dr. Holloway would have been able to provide insight into A.C.M.'s mental health and her prescription drug use, both of which were key factors in determining whether A.C.M. posed a safety risk to her children. We disagree.

¶17     Assuming, without deciding, that counsel should have contacted Dr. Holloway to obtain a fuller understanding of A.C.M.'s mental health issues, we conclude that A.C.M. was not prejudiced by this deficiency. First, A.C.M.'s insistence that Dr. Holloway's testimony would have been beneficial is speculative. Dr. Holloway did not testify at the postdisposition evidentiary hearing, nor did A.C.M. establish facts indicating that Dr. Holloway would have testified beneficially to her position. Indeed, counsel testified that in her professional judgment, Dr. Holloway's testimony would not have helped her client as his notes contained some negative factors. Therefore, we cannot conclude that A.C.M. has shown a reasonable probability that, but for counsel's failure to

communicate with Dr. Holloway or to call him as a witness, the result of the proceeding would have been different.

**Sufficiency of the Evidence**

¶18    A.C.M. argues that there is "no evidence on the record" to support the circuit court's conclusion that there was a substantial likelihood that A.C.M. would not be able to meet the conditions for the children's safe return within the nine-month period following the fact-finding hearing. We disagree.

¶19    To succeed in a termination proceeding based upon continuing CHIPS, the State must prove that there is a substantial likelihood that the parent will not meet the conditions established for the safe return of the child to the home within the nine-month period following the fact-finding hearing. WIS. STAT. § 48.415(2)(a)3. We accord great deference to the trier of fact and must examine the record to find facts that uphold the circuit court's determination. *See State v. Hayes*, 2004 WI 80, ¶57, 273 Wis. 2d 1, 681 N.W.2d 203. We do not disturb a circuit court's findings of fact unless they are "clearly erroneous." *See* WIS. STAT. § 805.17(2).

¶20    A.C.M. was required, among other things, to demonstrate control over her mental health issues, to demonstrate control over her drug and alcohol issues, and to establish a willingness and ability to care for her children on a full-time basis. In a thoughtful and detailed decision, the circuit court found that A.C.M. "has not and is substantially unlikely to demonstrate a capacity to safely parent her children in the foreseeable future." The record supports the circuit court's findings.

¶21     Dr. Sherry testified that due to significant mental health issues, A.C.M. was unable to complete visitation with her children and that A.C.M. maintained violent and dangerous relationships. A.C.M.'s case workers testified about A.C.M.'s failure to participate in court-ordered programs and her inability to provide a safe living environment for the children. The record establishes that A.C.M. frequently skipped urine screens, and the one completed screen tested positive for drugs. The record also establishes that A.C.M. did not consistently visit with her children. The circuit court properly took into account all of the relevant testimony and concluded that A.C.M. was unlikely to be able to meet the necessary conditions to provide a safe environment for her children.

¶22     For the foregoing reasons, we affirm the circuit court.

*By the Court.*—Orders affirmed.

This opinion will not be published. WIS. STAT. RULE 809.23(1)(b)(4).

9