COURT OF APPEALS
DECISION
DATED AND FILED

March 4, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1876-CR**

Cir. Ct. No. **2010CF222**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

DONALD P. COUGHLIN,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Juneau County: JAMES EVENSON and STACY A. SMITH, Judges. *Affirmed in part; reversed in part and cause remanded with directions*.

Before Blanchard, Graham, and Nashold, JJ.

¶1     GRAHAM, J.   Donald P. Coughlin was convicted of twenty counts of first and second degree sexual assault of a child[1] and one count of repeated sexual assault of a child[2] based on events that allegedly occurred between September 1, 1989, and November 9, 1994.  These counts pertain to three victims, referred to in the amended information as John Doe 1, John Doe 2, and John Doe 3.  On appeal, Coughlin argues that the evidence at trial was insufficient for the jury to conclude beyond a reasonable doubt that he had sexual contact with any of the victims during the time periods charged in the amended information.  In the alternative, if we determine that the evidence was sufficient with regard to any of the charges, Coughlin asks us to grant a new trial in the interest of justice.

¶2     We conclude that there was sufficient evidence to convict Coughlin of the six counts pertaining to Doe 1, and we decline to exercise our power of discretionary reversal to order a new trial on these counts.  However, we conclude that the evidence was insufficient to convict Coughlin of the remaining counts.  Therefore, we affirm Coughlin's conviction of Counts 1-6, reverse his conviction

---

[1] *See* WIS. STAT. § 948.02(1)(e) (2017-18) (defining first degree sexual assault as sexual contact or intercourse with a person who has not attained the age of 13); § 948.02(2) (defining second degree sexual assault as sexual contact or intercourse with a person who has not attained the age of 16).  The ages of the victims were undisputed at trial, and we discuss the distinction between first degree and second degree sexual assault no further.

We recognize that Coughlin was convicted based on conduct that occurred between 1989 and 1994; however, apart from renumbering, the substantive provisions of the statutes criminalizing sexual contact with persons who have not attained the age of 13 or 16 remain the same.  Therefore, we cite to the current version of the Wisconsin Statutes for convenience, except where there have been substantive changes to the law.  Unless otherwise noted, subsequent references to the Wisconsin Statutes are to the 2017-18 version.

[2] *See* WIS. STAT. § 948.025(1) (providing additional penalties for persons who commit three or more violations of WIS. STAT. § 948.01(1) or (2) within a specified period of time involving the same child).  This statute was enacted by the legislature as 1993 Wis. Act. 227, and the pertinent provisions have remained unchanged.

of Counts 7-9 and 11-22, and remand for amendment of the judgment and for resentencing in light of this decision.

## BACKGROUND

¶3      Doe 1, Doe 2, and Doe 3 allege that Coughlin sexually abused them for years, starting as early as 1983 and lasting until 1994. They did not report the assaults at the time and eventually came forward with allegations against Coughlin in 2010.

¶4      The State charged Coughlin with twenty separate counts of sexual assault of a child and one count of repeated sexual assault of a child, all allegedly occurring in Juneau County. According to the amended information, each sexual assault count was based on an allegation that Coughlin touched the penis of Doe 1, Doe 2, or Doe 3 during a specified time period.[3] We refer to the time periods set forth in the amended information as the "charged time periods."[4]

---

[3] The State also charged one count pertaining to an additional alleged victim, John Doe 4, but the jury found Coughlin not guilty of that count. As a result, we discuss the allegations pertaining to Doe 4 no further.

[4] The charged time periods pertaining to Doe 1 are as follows: September 1–December 31, 1989 (Count 1); February 1–May 14, 1990 (Count 2); September 1–December 31, 1990 (Count 3); February 1–May 14, 1991 (Count 4); September 1–December 31, 1991 (Count 5); February 1–May 14, 1992 (Count 6).

The charged time periods pertaining to Doe 2 are as follows: September 1–November 19, 1989 (Count 7); September 1–December 31, 1990 (Count 8); September 1–December 31, 1991 (Count 8); September 1–November 19, 1992 (Count 11). (The State also charged Coughlin with Count 10, which was an additional count pertaining to Doe 2, but the parties reached a pre-trial stipulation to dismiss that count.)

(continued)

¶5      Each of the victims testified at trial.[5]  We recount their testimony in general terms here, and then in greater detail in the discussion section below.

¶6      Doe 1 was born in 1976, and he testified that Coughlin started to sexually abuse him when he was seven years old.  This would have been in or around 1983.  During the first such incident, Coughlin instructed Doe 1 to rub baby powder on Coughlin's back and penis and told Doe 1 not to tell anyone about the incident.  Coughlin also showed Doe 1 how to masturbate, and then, starting when Doe 1 was eight or nine years old, Coughlin began performing oral sex on him approximately once a month.

¶7      Doe 2 is approximately the same age as Doe 1.  He testified that Coughlin started sexually abusing him in or around 1987 when he was twelve or thirteen years old.

¶8      Doe 3 was born in 1978.  He testified that Coughlin started sexually abusing him in or around 1985 when he was seven years old.

¶9      The victims testified that Coughlin would take them out hunting or shining for deer, sometimes individually and other times as a group.  During these

---

Finally, the charged time periods pertaining to Doe 3 are as follows:  September 1–November 19, 1989 (Count 12); February 1–May 14, 1990 (Count 13); September 1–December 31, 1990 (Count 14); February 1–May 14, 1991 (Count 15);  September 1–December 31, 1991 (Count 16); February 1–May 14, 1992 (Count 17); September 1–December 31, 1992 (Count 18); February 1–May 14, 1993 (Count 19); September 1–December 31, 1993 (Count 20); February 1–May 14, 1994 (Count 21).  The final count, Count 22, charged Coughlin with repeated sexual assault of a child between September 1 and November 9, 1994.

[5] The Honorable John Pier Roemer presided at trial.  The Honorable James Evenson presided at sentencing and entered the judgment of conviction.  The Honorable Stacy A. Smith entered the order denying the motion for postconviction relief.

outings, Coughlin would pull his truck into a secluded location and would tip back his seat. Coughlin would then instruct the victims to masturbate, would watch the victims masturbate, and would himself masturbate. At times, Coughlin would also "masturbate" whichever victim was sitting in the front seat, and other times Coughlin would ask the victim in the front seat to "masturbate" him.[6] The victims testified that these same activities also happened at the village firehouse where Coughlin had an office, and in various rooms of the Coughlin family home.

¶10    Coughlin also testified at trial. Among other things, he categorically denied that he ever assaulted Doe 1, Doe 2, or Doe 3. He also denied that he masturbated in their presence, or that he instructed them to masturbate in his presence.

¶11    The circuit court instructed the jury on the elements of the charged crimes, and the jury found Coughlin guilty of each count. We discuss a discrepancy between the amended information, the jury instructions, and the verdict form in greater detail in the discussion section below.

## DISCUSSION

¶12    On appeal, Coughlin's primary argument is that the evidence was insufficient to convict him of any of the counts of sexual assault. He also argues

---

[6] We recognize that the term "masturbate" generally refers to the manual manipulation of one's own genitals, and the term was often used in that sense at trial. At other times, the prosecutor and victims used the term to refer to the manual manipulation of another person's genitals. The distinction between these two different acts is important in this case. As we explain below, the touching of another person's genitals can constitute sexual assault. However, the circuit court declined to instruct the jury that Coughlin could be found guilty of assault for watching the victims touch their own genitals at Coughlin's direction.

that he is entitled to a new trial in the interest of justice.[7]  We address each argument in turn.

### I. Sufficiency of the Evidence

¶13    When reviewing the sufficiency of the evidence to support a conviction, we will not substitute our judgment for that of the jury unless the evidence, "viewed most favorably to the state and the conviction, is so lacking in probative value and force that … no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990).  We "examine the record to find facts that support the jury's decision to convict," *State v. Hayes*, 2004 WI 80, ¶57, 273 Wis. 2d 1, 681 N.W.2d 203, and we "adopt all reasonable inferences which support the jury's verdict," *State v. Banks*, 2010 WI App 107, ¶46, 328 Wis. 2d 766, 790 N.W.2d 526.  However, a jury "may not indulge in inferences wholly unsupported by any evidence." *State ex rel. Kanieski v. Gagnon*, 54 Wis. 2d 108, 117, 194 N.W.2d 808 (1972).  The inferences drawn by the jury must be supported by facts in the record, and a defendant "cannot be convicted on mere suspicion or conjecture." *Id.*

¶14    "Sexual contact" is an element of the sexual assault charges in this case.  At the time of the alleged assault, "sexual contact" was defined to mean

---

[7] In his opening appellate brief, Coughlin also argued that his trial counsel was constitutionally ineffective for failing to make certain arguments about the insufficiency of the evidence during his closing argument at trial.  In its response, the State pointed to the fact that Coughlin's trial counsel is now deceased, and it argued that Coughlin would have to present corroborating evidence that counsel's performance was deficient.  *See State v. Lukasik*, 115 Wis. 2d 134, 340 N.W.2d 62 (Ct. App. 1983).  Coughlin expressly abandoned his ineffectiveness claim in his reply, and we address that claim no further.

"any intentional touching by the complainant or defendant … of the complainant's or defendant's intimate parts if that intentional touching is either for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant." WIS. STAT. § 948.01(5) (1993-94). Coughlin does not dispute that, if believed, the trial evidence was sufficient to prove that he had "sexual contact" with Doe 1, Doe 2, and Doe 3 on unspecified occasions between 1983 and 1994. However, he argues that the evidence did not permit the jury to find beyond a reasonable doubt that he had sexual contact with any of the victims *during any of the charged time periods*.

¶15    Coughlin's argument proceeds as follows. Each of the victims testified that Coughlin engaged him in various "sexual activities" over many years. These "sexual activities" included: the charged conduct (Coughlin touching the victim's penis); conduct that falls within the definition of "sexual contact" but was not charged (the victim touching Coughlin's penis at Coughlin's direction); and other conduct such as Coughlin watching the victim masturbate and masturbating in the victim's presence that, although sexual in nature, was not charged and does not constitute sexual assault.[8] Then, when the prosecutor elicited testimony from the victims that was specific to each of the charged time periods, he inquired

---

[8] During the jury instruction conference, the prosecutor argued that Coughlin could be convicted of sexual assault based on the testimony that he watched the victims masturbate. The prosecutor argued that "the intentional touching by [Does 1, 2, and 3] of their own penises" fell within the definition of "sexual contact" and was properly charged as sexual assault if the act occurred "at the request or at the insistence of the defendant." The circuit court rejected the prosecutor's proposed instruction and declined to instruct the jury on this theory of sexual assault. Then, during the postconviction proceeding, the State argued that Coughlin was properly convicted of sexual assault for "caus[ing] a minor to masturbate themselves for [Coughlin's] sexual arousal or gratification," but the postconviction court declined to evaluate the evidence on that basis. The State does not advance this argument on appeal, and we address this theory of sexual assault no further.

broadly about whether "it happened" or whether "this type of sexual activity [took] place."  As a result, the testimony elicited by this questioning failed to distinguish between the charged "sexual contact" and other activities that were not charged.  In other words, although the victims confirmed that "sexual activities" took place during each of the charged time periods, the activity that took place in the charged time periods may have been limited to conduct that was not charged or that the circuit court had ruled could not form the basis for a sexual assault conviction.  Thus, Coughlin argues, the jury was left to speculate about how often and when the charged conduct occurred, and it was not possible to determine beyond a reasonable doubt that Coughlin assaulted any of the victims during any of the charged time periods.

¶16     Before turning to the evidence that specifically pertains to each count, we briefly address a threshold legal question implicated by Coughlin's arguments.  The question presented is whether we should measure the sufficiency of the evidence against the elements of the crime as the jury instructions define them, or whether we should instead measure the sufficiency of the evidence against the crime as described by the verdict form.[9]

¶17     This question arises because the jury instructions and the verdict form used in this case were inconsistent in how they described "sexual contact."  The verdict form described just one kind of sexual contact:  "the defendant

_____

[9] The circuit court reads jury instructions to jurors before deliberation in order to explain the elements of a crime and the substantive legal issues to be decided when the jury completes the verdict form.  A verdict form asks the jurors to record their answers to specific factual questions—in a criminal case, whether the jury finds the defendant guilty or not guilty of the charged crime.  Thus, the jury instructions and the verdict form should be consistent in describing the alleged offenses.

touching the victim's penis." The verdict form was consistent with the amended information, which charged Coughlin with "touching the victim's penis" during specified time periods. However, the instructions that the court read to the jury defined "sexual contact" more broadly to include two distinct kinds of sexual contact: "an intentional touching of the penis of [the victims] by Donald P. Coughlin" and "an intentional touching by the victim of the penis of Donald P. Coughlin if the defendant intentionally caused or allowed the victim to do that touching." The court read this two-part definition when instructing the jury about the meaning of sexual contact for purposes of the twenty counts of first and second degree sexual assault and the one count of repeated sexual assault of a child.[10] Coughlin's trial counsel did not object to this instruction, nor did he point out the inconsistency between the jury instructions and verdict.

¶18 Normally, an appellate court reviews the sufficiency of the evidence to support a criminal conviction by comparing the evidence to the jury instructions. *State v. Beamon*, 2013 WI 47, ¶22, 347 Wis. 2d 559, 830 N.W.2d 681 ("when the jury instructions conform to the statutory requirements of that offense, we will review the sufficiency of the evidence by comparison to those jury instructions"). However, it is not normal for the jury instructions and verdict

---

[10] We are concerned that the State's briefing on this point disserves this court and opposing counsel. Although it acknowledges that the circuit court gave the jury the two-part definition of sexual contact discussed above, the State implies that the court only gave that instruction with regard to the count of repeated sexual assault of Doe 3. As for the counts of first and second degree sexual assault, the State's brief creates the inaccurate impression that the court instructed the jury to convict Coughlin only if it found that Coughlin had touched the victims' penises during the charged time periods. The effect of the State's argument is to paper over the inconsistency discussed above. It should go without saying that we expect counsel to display candor in his advocacy and to apply the level of care and diligence necessary to avoid misinforming the court.

to describe the elements of a crime inconsistently, especially under circumstances where the differences between the two could make a difference in the jury's ultimate determination of guilt. And the parties have not provided us with any authority that could guide our decision on how to proceed in this unusual circumstance.[11]

¶19    Coughlin argues that we should compare the evidence with the crime as described in the verdict form. That is, according to Coughlin, we should affirm only if there is evidence that Coughlin touched the victims' penises during the charged time periods, and we should disregard any evidence that the victims touched Coughlin's penis during those time periods at his request. One might expect the State to argue that our review should be guided by the broader definition of "sexual contact" as set forth in the jury instructions. However, the State makes no such argument, and it instead acts as though the inconsistency did not exist. *See supra* n.10. Therefore, in this unusual situation, we assume without deciding that Coughlin is correct that we should compare the trial evidence with the crime as described in the verdict form, rather than as defined in the jury instructions. Consistent with our standard of review, we will "examine the record to find facts" supporting a determination that Coughlin touched the victims' penises during the charged time periods. *Hayes*, 273 Wis. 2d 1, ¶57.

---

[11] Our own research has not identified any binding authority that is directly on point. Some of the cases we found that addressed inconsistencies in jury instructions and verdict were civil, and therefore do not implicate the double jeopardy issues raised by insufficient evidence in a criminal case. In the criminal cases we found, the defendant did not challenge the sufficiency of the evidence, but instead argued that an inconsistency between the jury instructions and the verdict form would have improperly confused the jury.

## A. John Doe 1

¶20 John Doe 1 was the oldest of the three victims, and he provided the most detailed testimony at trial. On appeal, Coughlin does not contest that, if the jury credited Doe 1's testimony, there was ample evidence from which it could conclude that Coughlin committed sexual assault by touching Doe 1's penis on multiple occasions.

¶21 There was also evidence from which a jury could determine beyond a reasonable doubt that Coughlin touched Doe 1's penis during each of the charged time periods. Specifically, Doe 1 testified that Coughlin performed oral sex on him at least once a month, starting when he was seven years old. Doe 1 also testified that the sexual assaults did not stop until he graduated high school and left Juneau County. This testimony, if believed, permits a reasonable inference that Coughlin touched Doe 1's penis on at least one occasion between September 1 and December 31, 1989 (Count 1); on at least one occasion between February 1 and May 14, 1990 (Count 2); on at least one occasion between September 1 and December 31, 1990 (Count 3); on at least one occasion between February 1 and May 14, 1991 (Count 4); on at least one occasion between September 1 and December 31, 1991 (Count 5); and on at least one occasion between February 1 and May 14, 1992 (Count 6). *See Banks*, 328 Wis. 2d 766, ¶46 (providing that we should "adopt all reasonable inferences which support the jury's verdict").

¶22 Coughlin asserts that Doe 1's testimony about oral contact does not contribute to the sufficiency of the evidence because Coughlin "was not charged with performing oral sex on John Doe 1." This argument is not persuasive. To be sure, Doe 1's allegations of oral contact could have been charged as "sexual

intercourse" as well as "sexual contact." *See* WIS. STAT. § 948.02(2) (providing that whoever "has sexual contact or sexual intercourse with a person who has not attained the age of 16 years" is guilty of second degree sexual assault); WIS. STAT. § 948.01(6) (defining "sexual intercourse" to include fellatio). However, Coughlin does not identify any authority for the propositions that the terms "sexual conduct" and "sexual intercourse" are mutually exclusive, or that oral contact cannot be charged as "sexual contact." Doe 1's testimony about monthly oral contact readily meets the description of "sexual contact" in the amended information and verdict form. For these reasons, we conclude that the evidence was sufficient as to Counts 1-6.

**B. John Doe 2**

¶23 We now turn to the evidence pertaining to John Doe 2. Again, Coughlin does not dispute that there was evidence from which the jury could conclude that Coughlin committed sexual assault by touching Doe 2's penis. Specifically, Doe 2 testified about the "sexual activity" that Coughlin had him engage in when he was growing up, which included instances in which Coughlin would watch Doe 2 masturbate as well as incidents in which Coughlin would "masturbate" Doe 2.

¶24 However, in contrast to Doe 1, there was no evidence from which a jury could conclude beyond a reasonable doubt that Coughlin touched Doe 2's penis during any of the charged time periods. The majority of the incidents described by Doe 2 involved Coughlin masturbating in Doe 2's presence and Coughlin making Doe 2 masturbate in Coughlin's presence. Doe 2 testified that "[w]e would play with ourselves, [Coughlin] might play with somebody, might not play with somebody. But [Coughlin] would always masturbate and ejaculate."

Doe 2 was asked about the frequency with which "sexual activity" occurred, but he was never asked about the frequency with which Coughlin touched his penis. When the prosecutor turned to each of the charged time periods, the prosecutor asked Doe 2 whether "it" or "this" happened during those time periods. As a result, although Doe 2 confirmed that *something* of a sexual nature occurred in each of the charged time periods, the jury would have had to speculate about whether Coughlin touched Doe 2's penis on any of those occasions.

¶25 To bridge this gap in the trial record, the State capitalizes on potential ambiguities created by the dual meaning that the prosecutor and witnesses gave to the term "masturbate" throughout the trial. *See supra* n.6. The State points to the fact that Doe 2 used the word "masturbate" to describe an incident in which Coughlin touched Doe 2's penis. It also points to Doe 2's testimony that "masturbation" occurred "a lot of times," from about once a month to up to four times a month. We recognize that we are to view the evidence in the light most favorable to the State. *Poellinger*, 153 Wis. 2d at 501. However, no such favorable light could turn Doe 2's testimony that he "masturbated with" Coughlin at least once a month into a reasonable inference that Coughlin touched Doe 2's penis with that frequency. *See Kanieski*, 54 Wis. 2d at 117 (a defendant "cannot be convicted on mere suspicion and conjecture").

¶26 Based on the reasonable inferences derived from the evidence, a jury could not conclude beyond a reasonable doubt that Coughlin touched Doe 2's penis on at least one occasion between September 1 and November 19, 1989 (Count 7); on at least one occasion between September 1 and December 31, 1990 (Count 8); on at least one occasion between September 1 and December 31, 1991 (Count 8); or on at least one occasion between September 1 and November 19,

1992 (Count 11). For these reasons, we conclude that the evidence was not sufficient as to Counts 7-9 and 11.

¶27 We recognize that in cases like this, when witnesses are asked to testify about their memories of events that occurred when they were children, it is not unusual that they are unable to identify the dates of events with any precision. We also recognize that, even beyond difficulties with memory, the details of child sexual assaults are sensitive and it can often be difficult for witnesses to testify about such events with clarity, which adds to the prosecution's challenges in a case of this nature. But those are among the challenges that the State necessarily assumes in prosecuting such a case. Here, the jury was instructed that "it is not necessary for the State to prove that the offense was committed on a specific date," as long as "the evidence shows beyond a reasonable doubt that the offense was committed during the time period alleged in the information," and the insufficiency of the evidence is not the result of the witness's inability to recall specific dates. Instead, it is the result of the State's failure to elicit testimony about the frequency with which the specific sexual contact described in the verdict form occurred, as distinguished from other conduct that, while sexual in nature, was not the conduct for which Coughlin was charged and convicted.

## C. John Doe 3

¶28 Turning to Doe 3, Coughlin does not challenge that there was ample evidence that he sexually assaulted Doe 3 by touching his penis on more than one occasion. However, based on our review of the record, there was no evidence tying these assaults to any of the charged time periods.

¶29 As with Doe 2, the majority of the incidents Doe 3 described appeared to involve Coughlin masturbating in Doe 3's presence and instructing

14

Doe 2 to masturbate in Coughlin's presence. Doe 3 also testified that "there were times when [Coughlin] would want to masturbate us," and that there "were times when [Coughlin] masturbated [Doe 3]." Doe 3 testified that "something happened" at least once a week throughout the year. However, Doe 3 was never asked about the frequency with which Coughlin touched his penis. And when the prosecutor asked Doe 3 about each of the charged time periods, the prosecutor asked whether "some type of sexual activity" occurred during that period. As a result, although Doe 3 confirmed that "sexual activity" occurred in each of the time periods, the jury would have had to speculate about whether Coughlin touched his penis during any of the charged time periods.

¶30    Once again, the State capitalizes on the way the term "masturbate" was used throughout the trial. *See supra* n.6. The State points to Doe 3's testimony that *some* type of sexual activity was a "weekly" occurrence, and that Coughlin had the victims "masturbate" "every time" they went shining for deer. However, as we determined above, no amount of viewing the evidence in a light most favorable to the State can transform Doe 2's testimony that he "masturbated" with Coughlin "weekly" into an assertion that Coughlin touched Doe 3's penis every week.

¶31    Accordingly, based on the reasonable inferences derived from Doe 3's testimony, a jury could not conclude beyond a reasonable doubt that Coughlin touched Doe 3's penis on at least one occasion between September 1 and November 19, 1989 (Count 12); on at least one occasion between February 1 and May 14, 1990 (Count 13); on at least one occasion between September 1 and December 31, 1990 (Count 14); on at least one occasion between February 1 and May 14, 1991 (Count 15); on at least one occasion between September 1 and December 31, 1991 (Count 16); on at least one occasion between February 1 and

15

May 14, 1992 (Count 17); on at least one occasion between September 1 and December 31, 1992 (Count 18); on at least one occasion between February 1 and May 14, 1993 (Count 19); on at least one occasion between September 1 and December 31, 1993 (Count 20); or on at least one occasion between February 1 and May 14, 1994 (Count 21).

¶32    Additionally, a jury could not conclude beyond a reasonable doubt that Coughlin had sexual contact with Doe 3 on at least three occasions between September 1 and November 9, 1994 (Count 22).  Unlike the other charges, the amended information and verdict form did not limit Count 22 to any particular form of sexual contact during this time period.  Even so, because the prosecutor merely asked Doe 3 to confirm that there were "at least three occasions where [Coughlin] asked [Doe 3] to engage in sexual activity" during the fall of 1994, rather than eliciting testimony describing "sexual contact" under WIS. STAT. § 948.01(5), the evidence is insufficient to prove the charge beyond a reasonable doubt.

¶33    For all of these reasons, we conclude that the evidence was not sufficient as to Counts 12-22.

¶34    Before turning to Coughlin's final argument, we pause to emphasize that, in reversing the convictions pertaining to Doe 2 and Doe 3, we do not mean to suggest that the conduct they described is not criminal in nature.  As discussed above, testimony that Coughlin touched the victims' genitals and caused the victims to touch his genitals could satisfy the elements of sexual assault of a child.  Additionally, the testimony that Coughlin directed the victims to masturbate and

took sexual gratification from watching them do so may, in fact, satisfy the elements of a different criminal act.[12] However, for the reasons we have explained, the testimony was insufficient to satisfy the elements of the specific crimes that were charged in the amended complaint and described in the verdict form.

## II. New Trial in the Interest of Justice

¶35 Finally, as to Counts 1-6, Coughlin contends that we should grant discretionary reversal and order a new trial on the ground that the real controversy was not fully tried. *See* WIS. STAT. § 752.35. This argument is not well developed, and much of it rehashes the same arguments Coughlin advances regarding the sufficiency of the evidence. Specifically, he again argues that the State conflated the term "sexual contact" with "sexual activity." He notes the inconsistency between the instructions and the verdict forms with regard to the description of the charged conduct. Finally, he asserts that there is reason to doubt the reliability of the verdict because the evidence "was truly ambiguous and incomplete as to whether defendant actually committed each [of] the offenses charged."

¶36 To the extent Coughlin's argument is based on an assertion that the evidence was insufficient, we have already addressed the State's failure to prove some of the charged counts, and we have reversed the convictions that were not based on sufficient evidence. Putting aside the portion of Coughlin's argument

---

[12] *See, e.g.*, WIS. STAT. § 948.07(3) (identifying the elements of one form of child enticement as "[e]xposing genitals, pubic area, or intimate parts to the child or causing the child to expose genitals, pubic area, or intimate parts in violation of [WIS. STAT.] s. 948.10").

17

that addresses whether the evidence was sufficient, it is not clear what remains. Coughlin suggests that the jury may have been misled by certain aspects of the trial; however, he does not develop the argument by explaining exactly how the jury's verdict might have been affected. It is apparent that the jury credited the victims' accounts of Coughlin's conduct and discredited Coughlin's denials, and the six remaining counts were supported by legally sufficient evidence. We are not persuaded that discretionary reversal is appropriate under these circumstances. *See* **State v. Jackson,** 2011 WI App 63, ¶37, 333 Wis. 2d 665, 799 N.W.2d 461 ("We are reluctant to grant new trials in the interests of justice and exercise our discretion to do so 'only in exceptional cases.'" (citation omitted)).

## CONCLUSION

¶37  In sum, we conclude that there was sufficient evidence to convict Coughlin of the six counts pertaining to Doe 1, and we decline to exercise our power of discretionary reversal to order a new trial on these counts. We further conclude that the evidence was insufficient to find Coughlin guilty beyond a reasonable doubt of the remaining counts.[13] Accordingly, we affirm Coughlin's conviction of Counts 1-6, reverse his conviction of Counts 7-9 and 11-22, and

---

[13] We note that our ultimate conclusions about the sufficiency of the evidence would be the same if we measured the sufficiency of the evidence against the jury instructions. This is because there is no evidence from which a jury could reasonably determine that Coughlin "intentionally caused or allowed" any of the victims to touch Coughlin's penis during the charged time periods, but not that Coughlin intentionally touched that victim's penis. The sole exception relates to a series of events that occurred in or around 1983. Doe 1 testified that during this time period, Coughlin asked Doe 1 to touch Coughlin's penis, but the evidence is inconclusive about whether Coughlin touched Doe 1's penis during the same time period. However, the State did not charge Coughlin for any conduct that occurred prior to 1989, and these incidents are not the basis of any of the charged counts of sexual assault.

remand for amendment of the judgment and for resentencing in light of this decision.

By the Court.—Judgment and order affirmed in part; reversed in part and cause remanded with directions.

Not recommended for publication in the official reports.